### Hunn H. Griswold et al. v. George Hazels et al.

#### Filed November 20, 1901.   No. 10,315.

#### Commissioner's opinion, Department No. 1.

1. **Construction of Supersedeas Bond.** The provisions of a supersedeas bond must be construed so as not to extend the obligation of a surety to any other person, to any other subject, or to any other period of time than is expressed or necessarily included in the terms of his undertaking; otherwise the contract is subject to the ordinary rules of construction.

2. **Contract of Suretyship:** Liability: Construction. The intent and liability of a contract of suretyship must be ascertained by a fair and liberal construction of the instrument in furtherance of what appears to have been the intention of the parties when the contract was made, as appears from the expressions therein contained, and from the nature of the transaction; and the surety will be bound to the full extent of what thus appears to be his contract.

3. **Supersedeas Bond:** Liability for Rents and Profits. A supersedeas bond conditioned that appellants "shall prosecute such appeal without delay, and will abide and perform the judgment or decree rendered, or final order which shall be made by the supreme court in the cause," was given to supersede a decree canceling a conveyance and quieting title only, which was affirmed by the supreme court. *Held*, That in an action on the bond, rents and profits accruing *pendente lite* could not be recovered.

4. **Petition:** No Cause of Action Stated. Petition examined, and *held* not to state a cause of action.

Error from the district court for Pawnee county. Tried below before Stull, J. *Affirmed.*

*Story & Story,* for plaintiffs in error.

*Lindsay & Raper* and *Broady & Pettis, contra.*

Argued orally by *R. W. Story,* for plaintiff in error; by *Lindsay, contra.*

Kirkpatrick, C.

This is an action brought by plaintiffs in error in the district court for Pawnee county against defendants in error upon a supersedeas bond given on May 14, 1894, to

supersede a judgment entered by the district court for that county canceling a deed of conveyance made by plaintiffs in error to George Hazels on January 16, 1893, and quieting title to the premises in plaintiffs in that action. Plaintiffs in error pleaded the recovery of a judgment in the district court for Pawnee county, canceling the deed mentioned and quieting the title to the premises; that defendants in error had appealed to this court; pleaded the execution and approval of a supersedeas bond, which was set out in the petition; pleaded the affirmance of the judgment of the lower court by this court, and the payment of the costs of that appeal by defendants in error; and alleged that by virtue of the supersedeas bond, defendants in error had retained possession of the premises for two years, and had received rents and profits therefrom during said period in the sum of $700; that on October 28, 1895, the premises were sold under mortgage foreclosure, and the sum of $1,581.66—more than sufficient to satisfy the decree of foreclosure—was paid into court for the benefit of plaintiffs in error; that because of said supersedeas bond the clerk of the district court retained said funds from November 15, 1895, to October 7, 1897, to the damage of plaintiffs in error in the sum of $209.67; with a prayer for judgment in the sum of $700, the amount of the bond, together with interest thereon. To this petition general demurrers were severally filed and sustained, and, plaintiffs in error electing to stand on their petition, the case was dismissed and is now brought to this court for review upon petition in error.

The material portion of the decree which the bond was given to supersede is as follows: "It is therefore considered by the court that the deed of conveyance described in the petition from the plaintiffs to the defendant George Hazels for the following described property [describing it]  *  *  *  be and the same is hereby, vacated, and set aside, and annulled, and declared of no force and effect, and the cloud upon the title to said real estate by reason of and in consequence of said deed removed, and that the

defendant George Hazels pay the costs of this action."
To supersede said judgment, defendants in error gave the
bond in question, conditioned as follows: "Now, there-
fore, the condition of this obligation is such that if the
said George Hazels and Jennie Hazels shall prosecute
such appeal without delay, and will abide and perform the
judgment or decree rendered, or final order which shall
be made by the supreme court in this cause, then this ob-
ligation to be void and null; otherwise to remain in full
force and effect." The only question presented by the rec-
ord is whether or not the bond, the condition of which
has been set out, can be relied on to recover rents and
profits and the interest on the funds withheld, as set out
in the petition. The condition of the bond is that pro-
vided for in the second subdivision of section 677 of the
Code of Civil Procedure. Whether the bond given was
properly conditioned under the second subdivision of this
section, or whether the decree was such that it could not
be superseded as a matter of right, and that, therefore, the
conditions of the supersedeas bond should have been fixed
by the trial court upon application made, is not material
here, and will not be considered.

There can be no doubt that had plaintiffs in error ap-
plied to the trial court for the appointment of a receiver,
or for the fixing of such conditions and the amount of the
supersedeas bond as would have protected their interests,
their rights might have been fully secured. This they
failed to do, and they are now asking this court to extend
the conditions of the bond set out beyond the fair and
natural import of the language used.

It is contended that the obligation of defendants in er-
ror to abide and perform the judgment of the supreme
court means that they shall abide the judgment as of the
date when rendered by the trial court; that under the
terms of the decree, plaintiffs in error were entitled to the
possession of the premises at the time when the decree
was entered; and that the order of this court affirming
the judgment of the trial court relates back to the entry

of the judgment, and that they are therefore entitled to a recovery of the rents and profits under the terms of the bond. This contention is untenable. The bond in question does not provide for the payment of rent, and it contains no provision for the payment of interest. If the action had been brought, not only to cancel the conveyance and quiet the title, but for rents and profits, and the judgment of the trial court had awarded the rents and profits to plaintiffs in error, there might be some ground for the contention that they were recoverable on the bond in suit. *Burgess v. Doble,* 21 N. E. Rep. [Mass.], 438. The sole purpose of the action in the trial court was to cancel the deed and quiet the title in plaintiff in error, and the decree of the trial court was so entered. The judgment of this court in that suit on appeal was an affirmance. *Griswold v. Hazels,* 52 Nebr., 64. The action not having been brought for the recovery of rents and profits, they can not be held to have been within the contemplation of defendants in error when they executed the bond in suit, and they are clearly not within the terms of the bond.

The liability of a surety on an appeal bond is said to be *"strictissimi juris;* that is, the obligation of surety must not be extended to any other subject, to any other person, or to any other period of time, than is expressed or necessarily included in it. * * * No surety is to be bound beyond the extent of the engagement which shall appear, from the expression of the security and the nature of the transaction, to have been in his contemplation at the time of entering into it. But to this extent the surety is bound. The intent or latitude of the contract of suretyship is to be ascertained by a fair and liberal construction of the instrument, in furtherance of the intention of the parties, and then the case must be brought strictly within the terms of the guaranty, and the liability of the surety can not be extended by implication." *Fisse v. Einstein,* 5 Mo. App., 78.

In the case of *Shreffler v. Nadelhoffer,* 133 Ill., 536, the rule is laid down as follows: "The rule of strict construc-

tion, as applied to the contracts of sureties and guarantors, in no way interferes with the use of the ordinary tests by which the actual meaning and intention of contracting parties are ordinarily determined, but merely limits their liability strictly to the terms of their contract when those terms are ascertained, and forbids any extension of such liability by implication beyond the strict letter of those terms." *Michic v. Ellair,* 60 Mich., 73.

As it appears from the petition filed by plaintiffs in error that the conditions of the supersedeas bond have been fully complied with by defendants in error, it follows that their petition failed to state a cause of action entitling plaintiffs in error to any relief, and the demurrers were therefore properly sustained by the trial court.

From the authorities cited, and from what has been said, it follows that the judgment of the district court was right, and it is, therefore, recommended that the same be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.