## STATE OF MARYLAND, use of MARGARET E. WILLIAMS, *vs*. CHARLES F. DAYTON et al.

### *Liability of Sureties on Constable's Bond.*

When a constable, while levying an execution, makes an assault on a clerk of the execution debtor, the sureties on the constable's bond are not liable for such tort, because in committing it the constable was not acting in the discharge of any official duty.

Appeal from the Circuit Court for Garrett County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*Ferdinand Williams* (with whom were *Wm. R. Offutt* and *Julius C. Renninger* on the brief), for the appellants.

*David J. Lewis* (with whom were *Gilmor S. Hamill* and *Geo. A. Pearre* on the brief), for the appellee.

PAGE, J., delivered the opinion of the Court.

This suit was brought by the appellant to recover damages from the appellees for an alleged wrong committed by the appellee Dayton while acting as a constable. The declaration alleges that Dayton gave bond to the State, with the other appellees named in the writ, conditioned for the faithful performance of the duties of the office of constable, and that he did not faithfully execute the duties of that office, in that he had a writ of *fieri facias* in his hands, issued on a judgment against one Mary Beedle, to be served in a right and lawful manner, but instead of so doing, entered the store of the said Mary "roughly and rudely did proceed" in a public manner in the presence of customers, to levy upon and seize the goods of the said Mary Beedle, "and then and there the appellant, who was a clerk and agent of the said Mary Beedle protested against such proceeding, and offered money sufficient to pay

the judgment, and the costs thereon," and after she again protested, the said Dayton "seized her by the wrists and twisted and sprained her wrist, in a rough and cruel manner and beat and bruised her in such a manner, &c."

To this the appellees interposed a demurrer. The Court sustained it, and rendered judgment for the appellee, whereupon the appellant has taken this appeal.

The only question in the case is whether the sureties on the bond are liable in damages for the wrong thus committed.

As to the general principle applicable to a case of this kind there can be no question. "It is familiar law that the contract of sureties upon an official bond is subject to the strictest interpretation. They undertake for nothing which is not within the strict letter of their contract. The obligation is *strictissimi juris*, and nothing is to be taken by construction against the obligors. They have consented to be bound to a certain extent only, and their liablity must be found within the terms of that consent."

The extent of the liability of sureties on the bond of a constable has been fully considered in recent cases by this Court. *State* v. *Timmons*, 90 Md. 12; *Wilson* v. *Fowler*, 88 Md. 601; *Vanderworker* v. *Brown*, 54 Md. 318. In these, it was held that by the conditions of the bond, "the sureties guarantee the public against official delinquency on the part of the officer." For any breach of official duty the bond is responsible, this is the extent of liability assumed by the sureties. If he commit a wrong not in the discharge of his official duty, he is personally liable, but the sureties cannot be held responsible therefor; it is not within the terms of their contract."

In the case at bar, the mandate of the writ directed the constable to seize and take in execution the property of Mary E. Beedle; but it conferred no authority upon the constable to make an assault upon the appellant. That act could not be committed *virtute officii*; for the reason that it is not of such a nature that the office could give him authority to do it. So far as concerned the act, he cannot be considered as an officer.

There is no complaint that the constable did not perform

the duty he was commanded to perform by the writ; but the grievance is that he did something that neither his writ nor his office, directed or authorized; that is, that he assaulted another person than those named in the writ. It seems unnecessary to discuss the matter at greater length. It is clear that in assaulting the appellant he could not have been acting in the discharge of any official duty; and if that is so, while he himself is responsible as a tort-feasor, his sureties are not.

The demurrer was properly sustained.

*Judgment affirmed.*

(Decided June 23rd, 1905.)