## LYNGHOLM v. ATKINS et al.

No. 19071. Opinion Filed June 11, 1929.

Rehearing Denied Nov. 19, 1929.

John C. King and George M. Frittz, for plaintiff in error.

Ross Rizley, R. B. Loofbourrow, and Clyde Miles, for defendants in error.

DIFFENDAFFER, C. The parties here are in the same relative position as in the trial court.

On November 29, 1916, plaintiff obtained a judgment in the district court of Texas county against W. T. Atkins and Mrs. W. T. Atkins, and another, for the title and possession of a certain quarter section of land in Texas county. Defendants in that action appealed to the Supreme Court. The trial court entered an order therein that execution be stayed upon the filing by defendants and the approval by the court clerk of a bond in the sum of $2,000. Proceedings in error were commenced in the Supreme Court, where, on June 12, 1922, the appeal was dismissed. There appears to have been two bonds given in the proceedings therein, both signed by defendants Lightner and Burch. They are substantially identical in form. The first one, filed January 5, 1918, is in the following form:

"Supersedeas Bond—District Court.

"In the District Court of Texas County, State of Oklahoma.

"Holger Lyngholm, Plaintiff, v. W. T. Atkins et al., Defendant. No. 1296.

"Whereas, on the 29th day of November, 1916, a judgment was rendered in said district court in favor of the plaintiff * * * in the above entitled action and against said defendant * * * for the title to and possession of certain real estate in Texas county, Oklahoma, and costs of suit taxed $_____.

"And, whereas, said defendants, as plaintiffs in error, have commenced proceedings in error in the Supreme Court of this state to reverse and vacate such judgment.

"Now, therefore, we, W. T. Atkins, Mrs. W. T. Atkins and W. A. Lowry, as principals, and N. E. Nance, I M. Lightner, & A. F. Burch, as sureties, undertake and bind ourselves, our heirs and assigns jointly and severally to said plaintiff, defendant in error, in the sum of two thousand—($2,000.00)— dollars, that the said plaintiff in error, will pay the condemnation money and costs in case said judgment shall be affirmed in whole or in part in the Supreme Court.

"Witness our hands this 5th day of January, 1918.

"W. T. Atkins, Mrs. W. T. Atkins, and W. A. Lowrey,·by F. S. Macy, Their Atty.

"A. F. Burch, N. E. Nance, I. M. Lightner."

On August 19, 1926, plaintiff commenced the present action in the district court of Texas county against Atkins, Nance, Lightner, and Burch, upon the two bonds, wherein he sought to recover the sum of $1,319.20 (afterwards changed by amendment to $2,-000) for the alleged value of the use and occupancy of the premises involved in the former action, from January 5, 1918, to October 14, 1922, the possession of which premises it is alleged Atkins and wife retained during the pendency of the proceedings in the Supreme Court. Defendants Atkins and Nance were not served, but defendants Lightner and Burch demurred to the petition, which demurrer does not, appear to have been acted upon. Defendants answered by general denial, and further pleaded the statute of limitation.

The cause was tried to a jury, and at the close of plaintiff's evidence, defendants demurred thereto upon the grounds that the evidence was insufficient to substantiate a cause of action in favor of plaintiff and against the defendants, and moved the court to direct a verdict for defendants for the reason that, under the law, the pleadings, and the evidence, plaintiff had failed to state and failed to show facts sufficient to constitute a cause of action.

The motion was sustained, and the jury was directed to return a verdict for defendants. Motion for new trial was filed and overruled. Judgment was entered on the verdict, and plaintiff appeals. The trial court in passing upon the motion stated his reasons at length, but the substance of his reasons was:

(1) That the defendants by their contract of surety did not agree to pay the

value of the use and occupancy of the premises during the pendency of the appeal; and,

(2) That there was no evidence as to what that value was.

There are five assignments of error, but they are all included in two propositions: First, the holding of the court that these defendants who were sureties on the bonds were not liable under the terms of the bonds for the value of the use and occupancy of the premises; and second, in excluding the evidence offered by plaintiff.

If the trial court was right on the first proposition, the judgment must be affirmed, thus rendering the consideration of the second proposition unnecessary.

The first clause of section 794, C. O. S. 1921, provides:

"No proceeding to reverse, vacate, or modify any judgment or final order rendered in the county, superior, or district court, except as provided in the next section, and the fourth subdivision of this section, shall operate to stay execution, unless the clerk of the court in which the record of such judgment or final order shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error, to the adverse party, with one or more sufficient sureties, as follows:"

The section then provides:

"First: When the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in double the amount of the judgment or order, to the effect that the plaintiff in error will pay the condemnation money and costs, in case the judgment or final order shall be affirmed, in whole or in part. * * *

"Third: When it directs the sale or delivery of possession of real property, the undertaking shall be in such sum as may be prescribed by the court or the judge thereof, to the effect that during the possession, of such property by the plaintiff in error, he will not commit, or suffer to be committed, any waste thereon, and if the judgment be affirmed, he will pay the value of the use and occupation of the property, from the date of the undertaking until the delivery of the possession, pursuant to the judgment, and all costs."

On the first proposition, the question then is: Does a bond intended to stay execution where the judgment directs the delivery of the possession of real property only, conditioned as required by law in a judgment which directs the payment of money only, bind the sureties to pay the value of the use and occupancy of the real property pending proceedings in the Supreme Court, when the appellant remains in possession of the property until the judgment is affirmed?

Plaintiff in error cites many cases which he contends support him in his theory that the bond in question is sufficient to bind the sureties therefor. We have examined all these authorities, and conclude that none of them are so clearly in point as to support his contention. We do not deem it necessary in this case to review all the authorities cited, since none of them appear to decide the question. They are all to the effect that a supersedeas bond, though it does not comply with the language of the statute, voluntarily entered into for a valuable consideration, and when not repugnant to the letter or policy of the law, will be held good. Some of the courts hold such bond good as a common-law bond, while others hold them good as statutory bonds, where language is used therein which though not in the language of the statute is or may be construed as equivalent thereto. A condition to perform, to obey, or to abide the judgment of the court if affirmed will generally be held to be equivalent to a condition to pay or to satisfy the judgment on affirmance. 4 C. J. p. 1280. None of the cases cited by plaintiff go to the extent of holding a surety on a supersedeas bond liable where the condition of the bond so radically differs from the conditions required by statute as do the conditions of the bonds here under consideration.

Defendants cite many authorities which hold, in effect, that the contract of a surety upon a special bond is subject to strict construction; that they undertake nothing which is not within the strict letter of their contract; that nothing is to be taken by construction against the obligor; that they have consented to be bound to a certain extent only, and their liability must be found within the terms of that contract. See Hays v. Closon, 20 Kan. 120; Hibernia Savings & Loan Co. v. Freese et al. (Cal.) 59 Pac. 769; Phoenix Mfg. Co. v. Bogardus, 231 Ill. 528, 83 N. E. 284; State of Maryland v. Dayton, 101 Md. 598, 61 Atl. 624; Kirshbaum & Co. v. Blair, 98 Va. 35, 34 S. E. 895; First Nat. Bk. v. Goodman, 55 Neb. 419, 77 N. W. 575.

In 32 Cyc. p. 73, the following general rule is stated:

"Sureties are said to be favorites of the law, and a contract of suretyship must be strictly construed to impose upon the surety only those burdens clearly within its terms, and must not be extended by implication or presumption. This rule is followed both at law and in equity  Construction in favor of

the surety should not, however, be carried to the length of giving the contract a forced and unreasonable construction with the view of relieving him."

Brandt on Suretyship and Guaranty (3rd Ed.) par. 513, says:

"Sureties on an appeal bond are bound only according to the terms of their contract. An appeal bond from a judgment rendered by a justice of the peace provided that, if the parties appealing should pay and satisfy whatever judgment might be rendered by the circuit court of Hancock county upon the dismissal or trial of the appeal, then the obligation should be void. The statutory form prescribed for appeal bonds was: 'Shall pay whatever judgment shall be rendered by the court upon dismissal or trial of said appeal.' The venue in the case was changed from Hancock county to another county, and a judgment was there rendered against the party appealing. Held, the surety was not liable on the bond. The bond was binding on the surety so far as its terms went, but no further, and no judgment had been rendered by the circuit court of Hancock county."

In Griswold et al. v. Hazels et al. (Neb.) 87 N. W. 1047, it was held:

"The intent and liability of a contract of suretyship must be ascertained by a fair and liberal construction of the instrument in furtherance of what appears to have been the intention of the parties when the contract was made, as appears from the expressions therein contained and from the nature of the transaction; and the surety will be bound to the full extent of what thus appears to be his contract.

"A supersedeas bond conditioned that appellants 'shall prosecute such appeal without delay, and will abide and perform the judgment or decree rendered or final order which shall be made by the Supreme Court in the cause,' was given to supersede a decree canceling a conveyance and quieting title only, which was affirmed by the Supreme Court. Held, that in an action on the bond rents and profits accruing pendente lite could not be recovered."

An examination of that case will disclose that the action was one very similar to the instant case. There plaintiff had brought an action to cancel a deed of conveyance conveying certain lands to defendant Hazels, and to quiet title. He prevailed in the lower court, and Hazels appealed and gave a supersedeas bond conditioned that "appellants shall prosecute such appeal without delay and will abide and perform the judgment or decree rendered on final order which shall be made by the Supreme Court in the cause." Defendant remained in possession of the land until the decree appealed from was affirmed.

Suit was then brought on the supersedeas bond for rents and profits for the two years during which the appeal was pending.

The condition of the bond was that provided in the second subdivision of section 677 of the Code of Civil Procedure then in force in that state, and was sufficient thereunder to stay execution. Section 677 of the Code of Nebraska then in force is almost identical with section 794, C. O. S. 1921, as to the first and second subdivisions, and also as to the third subdivision in so far as it applies to judgments which direct the sale or delivery of possession of real property.

The only difference is in subdivision 1, and is: That in our Code the condition is to pay the "condemnation" money, and the Nebraska Code is to pay the "consideration" money.

It was held in Griswolds et al. v. Hazels, supra, that plaintiff could not recover for rents and profits where the supersedeas bond was conditioned only to abide and perform the decree or final order which should be made by the Supreme Court. That case is more nearly in point than any case cited in the briefs of either party, and in our judgment is decisive of the question here involved. Another case that appears to us to be in point is Hamilton v. Jefferson et al., 13 Ohio, 428. There plaintiff had filed his bill in chancery against one Tallmadge in which he set up indebtedness of Tallmadge to the amount of $1,200 to $1,500, and the assignment by Tallmadge to him of a certain contract for certain land, held by Tallmadge with a third party, to secure this indebtedness. The bill prayed for the sale of the equitable interest of Tallmadge in the land, and also of certain personal property alleged to have been conditionally sold to him by Tallmadge as security for the same debt. From a decree in favor of the plaintiff, Tallmadge appealed and executed an appeal bond with Jefferson and Cook as sureties. The condition of the bond was:

"'That if the said Tallmadge shall pay the full amount of the condemnation money, in the Supreme Court, and costs, in case a decree shall be entered therein in favor of the appellant, said writing obligatory to be void, otherwise of force,' etc."

Upon appeal, there was a decree which found there was due from Tallmadge to plaintiff the sum of $1,500, and an interlocutory decree directing the sale of Tallmadge's equity of the land and also the personal property, the avails to be applied on plaintiff's debt, but did not provide for the

payment of any balance that might remain unpaid after the application of the proceeds of the interest in the land and the personal property. Suit was upon the appeal bond, and the court said:

"On these facts we entertain the opinion that the plaintiff is not entitled to recover. There is no breach of any condition in the bond of the defendants. Their obligation is to pay the condemnation money and costs, in case a decree should be entered in the Supreme Court in favor of the appellee.

"In this decree there is no condemnation money. The appellant is condemned to pay nothing. The decree merely finds the amount due and directs the sale of the securities for its discharge. The proceedings are not technically, it is true, but substantially, in rem. The property is converted to pay the debt. The decree is inoperative beyond this. No execution can issue on such finding against Tallmadge, for he is not decreed to pay anything."

Such is the case here, Atkins was not condemned to pay anything in the former judgment. Possessing the land was all that was adjudged against him. Therefore there was no condemnation money to pay.

From the foregoing authorities, we conclude that the trial court was correct in holding that defendants, as sureties, were not liable on the bond for rents accruing pending appeal.

This renders it unnecessary to consider the other questions involved.

The judgment should be affirmed.

HERR, LEACH, JEFFREY, and HALL, Commissioners, concur.

By the Court: It is so ordered.