BUNGER v. ROGERS et al.

No. 29739. April 8, 1941.

*112 P. 2d 361.*

C. R. Nixon and Lewis J. Bicking, both of Tulsa, for plaintiff in error.

Chas. B. Rogers, of Tulsa, for defendants in error.

PER CURIAM. This appeal is prosecuted from a judgment which was rendered as the result of a trial upon the merits had after a judgment of default entered in the progress of the trial had been set aside.

The essential facts as reflected by the record will be briefly stated. On January 3, 1938, the plaintiff in error, hereinafter referred to as plaintiff, commenced this action against the defendants in error, hereinafter referred to as defendants, and others not here involved, to cancel an oil and gas mining lease, to quiet title to certain lands, and to obtain an accounting from several defendants involved in said action. A part of the relief sought was to compel the defendants to account for casing-head gas which had been produced and sold by them during the years 1918, 1919, and 1920 under a departmental lease which they had obtained in 1912, and which failure to pay for said gas the plaintiff alleged had resulted in the perpetration of fraud upon him which he had not discovered until within two years prior to the institution of this action. When the cause came on for hearing on September 20, 1938, the defendants were in default of answer or other pleadings and the court entered an order adjudging them in default. Trial of the issues between the other parties then proceeded and the trial was concluded on September 22, 1938, at which time the cause was continued until October 14, 1938, for argument, and thereafter was taken under advisement by the court until December 7, 1938, at which time the court announced that he would render judgment in favor of plaintiff upon certain phases of the case and against him upon other phases thereof, and which judgment of course would

be in favor of plaintiff against the defendants who had theretofore been adjudged in default prior to the entry of such judgment. However, the defendants applied to the court for leave to file an answer out of time. The plaintiff objected thereto, and after hearing the evidence of the parties the court entered an order setting aside the default judgment which had been previously entered and permitted the defendants to file answers instanter upon payment of certain costs. The cause thereafter proceeded to trial between the plaintiff and defendants and resulted in a judgment in favor of. the defendants. Motion for new trial was overruled, and plaintiff has perfected this appeal.

As grounds for reversal of said judgment the plaintiff urges, in substance, that it was error to vacate the order of default and to permit the defendants to be let in to defend the action and that the judgment rendered is erroneous as a matter of law and is clearly against the weight of the evidence.

We deem it unnecessary to discuss the contention relative to the vacation of the order of default at any great length. It is thoroughly settled in this state that district courts have a wide and extended discretion over their orders and judgments and in the progress of the trial of a case pending before them have the unqualified right to modify, set aside, or vacate any order previously made where to do so would be, in the opinion of the court, to further the principles of justice and right. See Nichols v. Bonaparte, 171 Okla. 234, 42 P. 2d 866; Hogan v. Bailey, 27 Okla. 15, 110 P. 890. The wisdom of the rule so announced in the above cases is exemplified by the case at bar. Had the order which had been entered holding the defendants in default not been set aside, the plaintiff would then have been enabled to obtain a judgment which, upon a trial of the merits of the action, it was disclosed he was not entitled to obtain. This would have been to defeat rather than to promote the ends of justice. We hold that the action of the trial court in setting aside the default and permitting the defendants to be let in to defend was not erroneous.

The next contention of the plaintiff involves a consideration of the effect which is to be given to the judgment of the trial court when reviewed in the light of the principles of equity, since the action was one of equitable cognizance and plaintiff was seeking wholly equitable relief. The trial court found that the claim of the plaintiff against the defendants had been barred by the statute of limitations and laches of the plaintiff. This finding of the court also included the finding that the charge of fraud had not been sustained, and therefore the claim of plaintiff for an accounting against the said defendants was to be qualified as a stale claim, and that since the plaintiff had not instituted his action thereon until some 20 years after the transaction had occurred, therefore the plaintiff ought not to be permitted to maintain such action, both by reason of the statute of limitations and equitable doctrine of laches. The evidence in the record in our opinion clearly supports the finding so made by the trial court. The defendants were merely lessees under an oil and gas mining lease and were under no obligation to the plaintiff other than to pay the rent and royalty provided in said lease, and if they breached this duty, then their liability was purely a contractual one and in no sense fiduciary. The facts are clearly distinguished in the case at bar from Caldwell v. Indian Territory Illuminating Oil Co., 187 Okla. 523, 104 P. 2d 237; Brookshire v. Burkhart, 141 Okla. 1, 283 P. 571, 67 A.L.R. 1059; Waugh v. Guthrie Gas, Light, Fuel & Improvement Co., 37 Okla. 239, 131 P. 174, L.R.A. 1917B, 1253, cited by plaintiff, and such cases have no application here. This being an action of equitable cognizance, we have carefully reviewed the entire record, examined and weighed the evidence, and are of the opinion that the judgment and finding of the trial court are clearly supported by the weight of the evidence,

and that same should therefore not be disturbed.

Judgment affirmed.

CORN, V. C. J., and BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur.