ALLEN, Adm'r, v. HARTFORD ACCIDENT & IND. CO.

No. 30392. March 3, 1942.

Rehearing Denied March 17, 1942.

*123 P. 2d 252.*

Williams & Williams, of Ardmore, for plaintiff in error.

Stephen A. George and John C. Caldwell, both of Ardmore, for defendant in error.

HURST, J. This is an appeal from a judgment for defendant company, rendered after a demurrer had been sustained to plaintiff's petition and his refusal to plead further.

The material facts, as stated in the petition, are these: Plaintiff, E. S. Allen, administrator of the estate of T. J. Davis, deceased, sued Harry E. and Anna E. Belford for damages for the wrongful death of T. J. Davis. At the first trial, verdict was rendered for the defendants. The trial court granted plaintiff a new trial. The defendants appealed and Hartford Accident & Indemnity Company, as surety, signed the supersedeas bond posted by them. The judgment was affirmed. Belford v. Allen, 183 Okla. 256, 80 P. 2d 671. Thereafter, at the second trial, plaintiff recovered a judgment for $7,500, which has been paid. Thereafter this action was commenced to recover from Hartford Accident & Indemnity Company, on said bond, damages for the delay in the sum of $275, being interest on the sum of $7,500 from the date the trial court granted a new trial (October 6, 1937) to the date of the second trial (July 1, 1938). The condition of the bond was that the principal "shall pay the condemnation money and costs in case said judgment shall be affirmed."

The supersedeas bond sued on is statutory. 12 O. S. 1941 § 968. The liability of the surety is contractual, is determined by the provisions of the bond, and the surety cannot be held liable beyond its terms. 15 O. S. 1941 § 373; Dolese Bros. Co. v. Chaney & Richard, 44 Okla. 745, 145 P. 1119; Logan v. Hopkins, 85 Okla. 278, 205 P. 1095; 50 C. J. 71, § 126. In the absence of contrary provisions contained in the bond, the liability of the surety to a third person is co-extensive with that of the principal. 21 R. C. L. 1085, § 127; 50 C. J. 74, § 127. A plaintiff in an action for damages for negligence, such as one for wrongful death, may not recover interest prior to the entry of judgment. St. Louis-San Francisco Ry. Co. v. Clark, 104 Okla. 24, 229 P. 779. Since there was no judgment for plaintiff, there was no "condemnation money." The surety did not, by its contract, agree to pay damages for the delay caused by the appeal, and under the principles of law above stated the petition stated no cause of action. The plaintiff cites no authorities in point

or that tend to sustain his claim. The demurrer was properly sustained.

Affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, and GIBSON, JJ., concur. RILEY, DAVISON, and ARNOLD, JJ., absent.