FINNELL et al. v. JAVINE et al.

No. 33376.   July 12, 1949.

Rehearing Denied Sept. 20, 1949.

*209 P. 2d 887.*

John R. Woodard, of Tulsa, for plaintiffs in error.

Joe Simpson and A. E. Adriaenssens, both of Tulsa, for defendants in error.

JOHNSON, J.   This appeal is from a judgment which was rendered as a result of a trial upon the merits after a judgment of default entered in the progress of the trial had been set aside.

Briefly, the essential facts as disclosed by the record in this case are: That on June 7, 1946, the plaintiffs in error, hereinafter referred to as plaintiffs, instituted this action against the defendants in error, hereinafter referred to as defendants, for the cancellation of a contract for sale of certain real estate and quieting title against defendants in said property.

Plaintiffs alleged, in substance, that in March, 1943, plaintiffs and defendants entered into a written contract

whereby the plaintiffs agreed to sell, and defendants agreed to buy certain real property located in Tulsa county, Oklahoma. A copy of the contract was set out as part of the petition. The contract provides that it was entered into on February 23, 1943, but appears to have been executed on the 2nd day of March, 1943; that the consideration to be paid for the property was $4,546.50 in installments and interest at 7%; that defendants were to pay $175 on the 25th day of March, 1943, and $175 for each quarter for the rest of the year, then $150 for each quarter year thereafter until paid, together with a reasonable attorney's fee each time the contract was placed in the hands of an attorney for collection or enforcement after default; that defendants were to have possession of said property, and to pay all taxes, payments and insurance; and upon default in performing any of the covenants of the contract, said contract was to become void at the option of the plaintiffs and plaintiffs to retain all payments made by defendants as agreed rentals and liquidated damages and to recover immediate possession; that plaintiffs were to deliver a good warranty deed and abstract of title showing good and merchantable title in the plaintiffs, except such liens and incumbrances or other charges that the defendants should allow to accumulate subsequent to the execution of the contract.

Plaintiffs further alleged that the only payments made by the defendants were March 18, 1943, $175; June 30, 1943, $14.70; September 23, 1943, $175; January 1, 1944, $33.34; March 4, 1944, $175; June 16, 1944, $175; September 16, 1944, $150; June 30, 1945, $9.52. That though plaintiffs have made repeated demands on the defendants, they have breached said contract.

When the cause came on for hearing on December 4, 1946, the defendants were in default of answer or other proper pleadings, and the court entered an order adjudging defendants in default. Within an hour after the default judgment was rendered, a motion to vacate same was filed by the defendants through their attorneys, tendering an answer and offering to pay accrued costs. The plaintiffs objected, but after hearing the evidence in support of the motion to vacate the default judgment, the court on the 5th day of December, 1946, entered an order vacating and setting aside the default judgment and permitted the defendants, upon payment of certain accrued costs, to file an answer and cross-petition out of time. Thereafter, the cause came on for trial on the merits on the 13th day of May, 1947, which resulted in judgment in favor of the defendants. Motion for a new trial was later overruled, from which plaintiffs have perfected this appeal by filing their petition in error and case-made in this court on the 12th day of November, 1947.

The first contention of plaintiffs is that the order of December 5, 1946, vacating the default judgment rendered on the 4th day of December, 1946, and permitting defendants to file an answer and cross-petition and defend the action was error. From the record we observe that this appeal was first filed in this court on November 12, 1947, which was more than six months after the order vacating and setting aside the judgment was entered. This court, in Magnolia Pipe Line Co. v. Ricks, 190 Okla. 145, 121 P. 2d 570, in speaking of such an order said:

"We interpret the word appealable to imply that an appeal is obligatory and not permissive. See Ambrister v. Donehew, supra. We therefore hold that the order of June 6, 1939, vacating and setting aside the previous judgment was a final order in the nature of an order granting a new trial and if Magnolia desired to question the correctness of the court's ruling it was necessary to prosecute an appeal from that order within the time specified by law; and when it waited, and attempted to present the issue upon the appeal before us from the second judgment, the time within which it could appeal from the order of June 6, 1939, expired and its right to present the contention has been lost."

Under the foregoing authority, if the plaintiffs desired to question the correctness of the court's action in vacating the judgment of December 4, 1946, it was necessary to prosecute an appeal therefrom within six months. Having failed to do so, his right to present the contention has been lost.

It is further urged by plaintiffs that the trial court erred in not allowing an attorney's fee. The contract of sale provided in substance that, in case of a default by defendants in payments or each time the contract was placed in the hands of an attorney for collection or enforcement by the plaintiffs after default by the defendants, that plaintiffs should be entitled to a reasonable attorney's fee. The trial court found that both parties had failed to comply with the terms of the contract; that plaintiffs accepted lesser sums than were due without objection to the failure of defendants to make their payments in the amounts and at the times required by the contract, and thereby waived a strict compliance with the terms of said contract as to the times and amounts of payments required to be made thereunder, and were therefore estopped to rescind said contract and take possession of said premises without first notifying the defendants of their intention of such action and give defendants a reasonable time to remedy their default, that plaintiffs prior to the institution of this action failed to notify the defendants of their intention to seek the cancellation of the contract, and the record further discloses that the defendants had tendered all amounts found to be due under the contract, but the plaintiffs were at that time unable to deliver an abstract of title showing a good and merchantable title in the plaintiffs. Under these conditions we think the trial court properly disallowed any attorney's fee. Whitehurst v. Ratliff, 198 Okla. 639, 181 P. 2d 545.

It is next contended that the trial court committed error in requiring the plaintiffs to refund the $200 escrow money placed by defendants with the Fourth National Bank to guarantee the payment of the abstract. This contention cannot be sustained. The contract provided that the plaintiffs were to furnish to defendants an abstract of title. The evidence discloses that the $200 was a deposit guaranteeing payment for an abstract; that when the defendants notified plaintiffs that upon delivering to them an abstract of title showing a good and merchantable title in plaintiff, together with a warranty deed to defendants that defendants were ready and able to pay plaintiffs in full, it was the duty of the plaintiffs to furnish an abstract at their own cost, and the trial court was correct in ordering said plaintiffs to return the $200 to defendants.

Plaintiffs contend also that the trial court erred in refusing to allow any interest on the money judgment decreed to the plaintiffs for the time that the defendants were given in which to pay or tender such funds. In this connection, it is noted that during this period the plaintiffs were perfecting their title so as to be able to deliver an abstract showing a good merchantable title to the property. And, of course, the equitable thing to do was to deny interest on the money since plaintiffs had not and could not deliver a good merchantable abstract title, and this was no fault of defendants.

The next relative matter is as to whether the judgment is clearly against the weight of the evidence and what effect is to be given to the judgment of the trial court when the principles of equity are applied to the facts in the case at bar since the cause is of equitable cognizance and plaintiffs were only seeking equitable relief.

Briefly, and in substance, the trial court found that plaintiffs had failed to deliver to defendants a warranty deed with abstract of title showing a good and merchantable title in plaintiffs; that when plaintiffs did so they were entitled to all the benefits under the contract of sale. The court found further that the defendants had also

failed to fully comply with the terms of the contract, but by reason of the combined failure of both parties to comply with the terms of said contract that there was given 30 days to comply with the terms of the contract or order of the court whereby the plaintiffs were required to deliver a warranty deed with an abstract of title showing a good and merchantable title in said plaintiffs, and defendants were required to pay or tender to plaintiffs the balance as found to be due by the court. Palovik v. Absher, 198 Okla. 671, 181 P. 2d 989; Bunger v. Rogers et al., 188 Okla. 620, 112 P. 2d 361; Stone v. Ritzinger, 194 Okla. 653, 153 P. 2d 1006.

This being an action of equitable cognizance, we have examined the entire record, examined and weighed the evidence, and are of the opinion that the judgment is not against the clear weight thereof and that the same should not be disturbed.

Affirmed.

CORN, GIBSON, HALLEY, and O'-NEAL, JJ., concur. DAVISON, C. J., ARNOLD, V.C.J., and LUTTRELL, J., concur in result.