DAILEY v. SAWATZKY et al.

No. 33493. Nov. 15, 1949.

*211 P. 2d 798.*

Darnell & Gibson, of Clinton, for plaintiff in error.

Arney & Barker, of Clinton, for defendants in error.

JOHNSON, J. This is an action brought by Maud Dailey against Gus Sawatzky, B. C. Sawatzky, and Edwin Wollman to recover on a supersedeas bond.

No service was had on defendant Gus Sawatzky, principal on the bond. The case went to trial as to defendants sureties alone. The trial court entered judgment in their favor on the pleadings.

Plaintiff appeals and assigns this ruling as error.

Plaintiff in her petition, in substance, alleges that on the 28th day of December, 1945, in a forcible entry and detainer action then pending in the county court of Custer county, plaintiff, Maud Dailey, recovered judgment against defendant Gus Sawatzky for the possession and restitution of certain farm lands; that defendant appealed from such judgment to the Supreme Court; that in order to stay execution pending appeal he executed a supersedeas bond with defendants B. C. Sawatzky and Edwin Wollman as sureties; that under the terms of such bond the sureties bound themselves to pay plaintiff double the value of the use and occupation of the premises in the event the judgment was affirmed on appeal. The bond is attached to plaintiff's petition as an exhibit.

Under the terms of the bond the sureties obligated themselves in the sum of $3,500 to pay to plaintiff, Maud Dailey, in the event the judgment was affirmed on appeal, the value of the use and occupation of the property from the date of the undertaking until delivery of the possession of the premises pursuant to the judgment and all costs of the suit.

Plaintiff further alleges that the judgment was affirmed by the Supreme Court on appeal and that during the time the appeal was pending, defendant Gus Sawatzky occupied and used the land in question and grew a wheat crop thereon; that he raised on the land 4,354 bushels of wheat of the value of $7,398.03; that pending the appeal and on the 8th day of June, 1946, the parties to this action entered into a written stipulation in which plaintiff was to receive one-third of said wheat or the rental value of the land in the sum of $2,466.01, which was paid to plaintiff and which amount so paid was to be credited against the liability assumed by the sureties on the bond, which it is alleged was the sum of $4,932.02, or double the value of the use and occupation of the premises during the time they were wrongfully withheld; that after crediting such amount there still remains a liability against the sureties in the sum of $1,033.99, for which judgment is prayed. A copy of the stipulation is attached as an exhibit to the petition.

Defendants in their answer denied that under the terms of the bond they became liable to plaintiff in the event of the affirmance of the judgment for double the value of the use and occupation of the premises, but alleged that they only became liable under the terms of the bond for the use and value of the premises which has been fully paid to plaintiff and that no further liability exists as against them.

It is the contention of defendants that they did not obligate themselves under the terms of the bond to pay, in case the judgment appealed from was affirmed, double the value of the use and occupation of the premises during the time they were wrongfully withheld, but only obligated themselves to pay the value of the use and occupation thereof. That since under the allegations of plaintiff's petition and the terms of the stipulation plaintiff has been paid the sum of $2,466.01, the full value of the use and occupation of the property, and which amount under the stipulation was to be credited against the liability assumed by them under the terms of the bond, no further liabil-

196

ity exists against them and the trial court therefore properly entered judgment in their favor on the pleadings. With this contention we agree.

The liability of a surety under a supersedeas bond is contractual, is to be determined by the provisions of the bond, and the surety cannot be held liable beyond its terms. Lyngholm v. Atkins et al., 140 Okla. 36, 282 P. 129; Local Building and Loan Ass'n v. Hall et al., 145 Okla. 206, 292 P. 68; Allen v. Hartford Accident & Indemnity Co., 190 Okla. 313, 123 P. 2d 252.

Under the plain terms and conditions of the bond, defendants only obligated themselves to pay the value of the use and occupation of the premises from the date of the undertaking until delivery of possession thereof to plaintiff. The contention of plaintiff that they are liable for double the value of the use and occupation of the premises cannot be sustained.

Plaintiff asserts that a tenant holding over after having received notice from his landlord to quit is liable in damages to the landlord for double the value of the use and occupation of the premises during the time they are wrongfully withheld, and in support thereof he refers to 23 O. S. 1941, §69, evidently intending section 70. This section provides:

"For wilfully holding over real property, by a tenant after the end of his term, and after notice to quit has been duly given, and demand of possession made, the measure of damages is double the yearly value of the property, for the time of withholding, in addition to compensation for the detriment occasioned thereby."

It is asserted by plaintiff that the court evidently had in mind this section at the time the bond was approved, and although the bond was not conditioned as provided by this section, the sureties are nevertheless liable for damages as thereby provided. This contention cannot be sustained. The provisions of the above statute cannot be read into the bond.

Speaking on this question in the case of Jones et al. v. Cabaniss, 185 Okla. 237, 90 P. 2d 650, this court said:

"It is true that section 543, O. S. 1931, 12 Okla. Stat. Ann. sec. 968, sets out the conditions of such bonds, but they are not presumed to contain such provisions, nor are they read into a bond as a part thereof. The extent of liability upon a supersedeas bond is to be gathered from the provisions of the bond."

And in the case of Williams v. Edwards et al., 163 Okla. 246, 22 P. 2d 1026, this court said:

"It is the contention of the plaintiff in this cause that appropriate provisions should be treated as appearing in the bond even though they are absent therefrom, on the theory that the statute itself should be considered as a part of the bond. With this contention we cannot agree. This court has held in two well-considered cases that the sureties on a supersedeas bond will be held only in accordance with the contract that was executed, and that the court is not authorized to rewrite the contract and thereby impose upon such sureties liability which they did not assume."

Plaintiff asserts that the sureties under the stipulation entered into admitted liability for double the value of the use and occupation of the premises, and that they are now estopped from denying such liability. This contention is based on that part of the stipulation which provides:

"It is agreed that said 1451 Bu. 20 Lbs. of said wheat may be immediately sold by the said Maud Dailey, at the current market price for the sum of $2,466.01, and that the said Maud Dailey may retain said proceeds thereof and the same shall be considered as a payment upon the liability upon said bond; that the liability of said sureties upon said bond shall be, and is hereby reduced in said amount, that is to say, said sureties being now liable upon said bond to the extent of $3,500.-00, their liability thereon is hereby reduced to the sum of $1,033.99."

The contention of plaintiff in this respect cannot be sustained. No language appears in the stipulation which can be construed as an admission on the part of the sureties of liability for double the value of the use and occupation of the premises. The stipulation on its face shows that the amount paid plaintiff was paid upon the demand of the sureties for their protection and recites that the amount so paid should be credited against any liability assumed by them under the terms of the bond. Since plaintiff has been paid the sum of $2,466.01 which, under the allegations of the petition, constitutes the use and value of the premises, and since the sureties only bound themselves to pay for such use and value, no further liability exists against them.

No disputed question of fact is presented by the pleadings in the case. There is only presented the question of law as to whether the sureties under the terms of the bond were liable to plaintiff for double the value of the use and occupation of the land. Since this question must be determined in favor of the sureties, the trial court committed no error in rendering judgment in their favor on the pleadings. Hurie v. Quigg et al., 121 Okla. 80, 247 P. 677.

The record discloses that prior to the rendition of the present judgment, the trial court had entered judgment by default in favor of plaintiff. This judgment on motion of defendants was vacated by the court on the 7th day of June, 1947. Plaintiff urges that the court erred in vacating such judgment, and that the order should be reversed with directions that the original judgment be reinstated.

The order was entered on the 7th day of June, 1947. The appeal was not lodged in this court until the 5th day of February, 1948. An order vacating a judgment is a final order in the nature of an order granting a new trial. Pennsylvania Co. v. Potter et al., 108 Okla. 49, 233 P. 700. An appeal from a judgment or final order must be taken to this court within six months from the date of the rendition thereof. 12 O. S. 1941 §972.

Since the appeal from this order was not taken until after six months from the date of its rendition, this court is without jurisdiction to pass on that question on this appeal. Hoppe et al. v. Bentley, 170 Okla. 377, 40 P. 2d 678; Finnell et al. v. Javine et al., 202 Okla. 31, 209 P. 2d 887.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, and HALLEY, JJ., concur.