FINNELL et al. v. JAVINE et al.

No. 34483. May 9, 1950.

*218 P. 2d 381.*

John R. Woodard, of Tulsa, for plaintiffs in error.

A. E. Adriaenssens and F. E. Riddle, both of Tulsa, for defendants in error.

PER CURIAM. This case is presented upon motion to dismiss appeal, filed herein on behalf of the defendants in error.

In June, 1946, plaintiffs in error herein filed, as plaintiffs, an action in the district court of Tulsa county, Oklahoma, seeking the cancellation of a contract of sale and quieting of their title to the real estate therein described. The defendants, who are defendants in error herein, tendered the balance due under the terms of said contract and sought to quiet their title to said premises. A trial of these issues resulted in a judgment in favor of defendants, from which an appeal was perfected to this court.

The judgment of the lower court was affirmed (Finnell v. Javine, 202 Okla. 31, 209 P. 2d 887) and mandate duly issued. After the mandate was spread of record and upon application of the defendants, the trial court made an order in compliance with, and effectuating the mandate and opinion of this court, wherein plaintiffs were required to prepare and deliver an abstract of

title to the property, to prepare and tender a warranty deed conveying the premises to defendants, and to release a $200 deposit theretofore made in trust by defendants. Said order also required the defendants to accept the tender and pay the balance of some $2,500 yet unpaid on the purchase price, or to reject the conveyance. The title was quieted in accord with the completion or rejection of the transfer. Subsequently, plaintiffs filed a motion for new trial and upon its being overruled bring the matter here for review. Defendants in error have filed a motion to dismiss upon the grounds that there was no judgment from which an appeal lay, inasmuch as all matters in issue had been determined by the first appeal and that the latter order of the trial court was merely vitalizing the mandate of this court.

With this contention, we agree. It is well settled in this jurisdiction that where an opinion has been rendered by this court and the trial court issues an order in substantial compliance with the mandate and opinion, an appeal therefrom is without merit and will be dismissed. Hill v. Hill, 71 Okla. 312, 178 P. 94; Ward v. Carter, 96 Okla. 183, 221 P. 48; Eli v. Carter Oil Co., 172 Okla. 519, 46 P. 2d 351.

Appeal dismissed.

DAVISON, C.J., ARNOLD, V.C.J., and CORN, GIBSON, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.