U–M INVESTMENTS, a Utah ltd. partnership, Plaintiff,

v.

Dale V. RAY, et al., and Terrell L. Bird and Janet L. Bird, his wife, Defendants, Cross-Claimants and Appellants,

v.

ROCKY MOUNTAIN TITLE AND AB-STRACT COMPANY, a Utah corporation, Douglas W. Church and Franklin H. Butterfield, Third-Party Defendants,

v.

Ross A. RAY and Perry Ray, Cross-Defendants and Respondents.

No. 19121.

Supreme Court of Utah.

May 30, 1985.

LaMar J. Winward, St. George, for respondents.

Michael W. Park, Cedar City, for defendants Ray, Hansen, Randall and Bergstrom.

Hans Q. Chamberlain, Cedar City, for defendant Thorle.

David M. Crosby, Orem, for third-party defendant Rocky-Mountain Title and Church.

Cullin Y. Christensen, Provo, for third party defendant Butterfield.

James P. Cowley, Salt Lake City, for plaintiff.

David C. West, Armstrong, Rawlings & West, Salt Lake City, for Birds.

LEONARD RUSSON, District Judge:

This case is before us on appeal from the trial court's dismissal of appellants' motion for entry of judgment against respondents, who are sureties on a supersedeas bond. Appellants assert that the trial court erred in failing to enter judgment on the bond against respondents for the full amount of the underlying judgment secured by the bond. We agree and reverse.

Appellants obtained a $128,000 judgment against Ray and Bergstrom, *inter alia*, in an action for fraud. That judgment was appealed. This Court dismissed the appeal because the notice of appeal was ineffective. *U–M Investments v. Ray*, Utah, 658 P.2d 1186, 1187 (1982).

To prevent execution on the judgment while the initial appeal was pending, Ray and Bergstrom posted a supersedeas bond in the amount of $128,000. Respondents are the sureties on the bond. The bond provides:

> [Respondents] hereby undertake and promise, on the part of [Ray and Bergstrom], that said [Ray and Bergstrom] will pay *all damages and costs which may be awarded against [them] on the appeal or on a dismissal thereof,* not exceeding ... $128,000 with interest thereon at the rate of ... 12 percent per annum....

(Emphasis added.)

After the initial appeal was dismissed, appellants asked the trial court to enter judgment against respondents under the supersedeas bond for the full underlying judgment, plus interest. Respondents ar-

gued that because the bond was conditioned only upon the payment of "all damages and costs ... awarded ... on the appeal" and not upon the underlying judgment, their obligation was only to pay damages attributable to delay and costs awarded on appeal, rather than any part of the underlying judgment. Furthermore, respondents argued that because the bond was not approved by the trial court, it was ineffective and unenforceable. The trial court agreed with respondents and denied appellants' motion.

■ We recognize that in construing the terms of a bond executed by a voluntary or private surety, the rule of *strictissimi juris* applies, and the private surety's liability is limited by the terms of the contract. This Court approved that principle in dicta in *M.H. Walker Realty Co. v. American Surety Co.*, 60 Utah 435, 463–64, 211 P. 998, 1009–10 (1922); *accord Dennis Dillon Oldsmobile, GMC, Inc. v. Zdunich*, Utah, 668 P.2d 557, 560 (1983) (dictum). However, as the authority cited by respondents states, the rule of *strictissimi juris* "does not preclude use of the ordinary tests by which the actual meaning and intention of contracting parties are ordinarily determined...." 5 Am.Jur.2d *Appeal and Error* § 1029 (1962).

In the instant case, respondents agreed to be responsible for "all damages ... awarded ... on appeal." Isolated from the remainder of the contract, the phrase "all damages" is ambiguous. It is unclear whether the term refers to damages including the underlying judgment, as appellants argue, or to damages for delay only, as urged by respondents.

■ Relying upon *Dailey v. Sawatzky*, 202 Okl. 194, 211 P.2d 798 (1949), respondents argue that their obligations are limited to damages for delay alone. That case is inapposite here. In *Dailey*, plaintiffs attempted to incorporate the double damages provisions of an unlawful detainer statute into a bond under which defendant had obligated himself to pay plaintiffs the value of the use and occupation of certain

premises pending an appeal. The court held that the statutory double damages penalty could not be incorporated into the bond. In contrast, no attempt has been made here to incorporate an extraneous statute into the contract terms. Rather, our task is simply to construe the ambiguous term "all damages" in light of the entire instrument and the circumstances surrounding its execution.

■ Our review of the facts makes it clear that the term "all damages" can only reasonably be construed to include the underlying judgment. The bond was drafted by respondents as a supersedeas bond. Rule 73(d) of the Utah Rules of Civil Procedure requires a supersedeas bond to be "conditioned for the satisfaction of the judgment in full together with costs, interests and damages for delay...." In the absence of any limiting terms, the bond must have been intended to conform to Rule 73(d) and to cover the judgment in full. Indeed, inasmuch as a supersedeas bond by its nature is intended to secure a prevailing party against losses resulting from an unsuccessful appeal, construing the bond as limited to covering damages for delay would only frustrate its essential purpose. It is also noteworthy that, in addition to the supersedeas bond, respondents' principals filed a cost bond to cover costs on appeal. It follows that the parties' sole purpose in filing the supersedeas bond must have been to stay execution on the judgment. Finally, the bond was fixed at the amount of the underlying judgment, suggesting that the parties intended the bond to cover that judgment.

In short, the term "all damages," given its ordinary meaning and viewed in light of the entire instrument and the surrounding circumstances, appears to cover both the underlying judgment and damages for delay. This construction neither strains the terms of the contract nor impermissibly grafts a statutory penalty not contemplated by the parties into the contract terms.

Our holding is consistent with holdings of other courts construing the term "all damages" in a supersedeas bond to include the judgment amount, where the language of the bond is not limited to "damages for delay." *See Burroughs v. United States Fidelity & Guaranty Co.*, 74 N.M. 618, 624, 625, 397 P.2d 10, 14 (1964); *see also* Annot., 124 A.L.R. 501 (1940). Respondents have attempted to distinguish such cases by noting that in those cases the appellate court construed the bond in reliance upon a trial court's order setting out the specific conditions of the bond. *See, e.g., Martin v. Clarke*, 105 F.2d 685 (7th Cir.1939). Respondents assert that in this case the trial court did not enter an order approving the bond, nor did appellants object to the sufficiency of the bond. Respondents argue that these defects not only limit the manner in which this Court may construe the bond, but indeed render the bond void *ab initio.*

That argument is without merit for two reasons. First, the cases cited by respondent do not hold that a lower court's order approving a bond is indispensable to the manner in which the bond is construed, but hold rather that the order is one factor to consider in construing it. *Martin v. Clarke*, 105 F.2d at 687 ("[t]he bond must be read in light of the law, the procedure and the order which directed it to be made, and in view of the purpose to be served"). Although no court order was entered approving the bond in this case, the other circumstances surrounding the execution of the bond compel the conclusion that the bond was intended to cover the underlying judgment.

■ Second, respondents' principals in this case have reaped the benefits of the appeal bond to achieve a stay of execution. Where an appellant has the benefit of a bond, defects may be waived, and the obligor may not complain because no exceptions were taken. *Merritt v. J.A. Stafford Co.*, 68 Cal.2d 619, 68 Cal.Rptr. 447, 440 P.2d 927, 930 (1968). Respondents have waived any objections based upon technical defects in the bond and are estopped from raising those objections now.

The case is reversed and remanded to the trial court for entry of judgment on the bond in accordance with this opinion.

HALL, C.J., and STEWART, and HOWE, JJ., concur.

DURHAM, Justice (dissenting):

I dissent. The majority opinion gives short shrift to the rule of *strictissimi juris*, which we have approved in other cases concerning the interpretation of suretyship contracts. *M.H. Walker Realty v. American Surety Co.*, 60 Utah 435, 211 P. 998 (1922) (affirmed in dicta *Dillon Oldsmobile, GMC v. Zdunich*, Utah, 668 P.2d 557 (1983)). In *M.H. Walker Realty*, we recognized the special status of those who voluntarily assume the obligations of others: "In the case of a private or voluntary surety without compensation the surety is held to be a favorite of the law, and the contract, the performance of which he guarantees, is construed strictly in favor of the surety." 60 Utah at 463, 211 P. at 1009. In the present case, the respondents agreed to indemnify the principals for "all damages and costs which may be awarded against [them] *on the appeal* or on a dismissal thereof . . . ." (Emphasis added.) The respondents did not commit themselves by this or any other language in their contract to pay the amount of the underlying judgment; they agreed only to indemnify the principals for amounts awarded against them by this Court as a result of their appeal.

The majority opinion's reliance on the existence of a separate cost bond as indicative of the respondents' intent to have the bond cover the underlying judgment is misplaced. That reliance overlooks the fact that the respondents are strangers to this action except in their capacity as sureties on the bond at issue. The principals, not the respondents, filed the cost bond. Further, even if the intent of the principals may be imputed to the respondents, the existence of the cost bond does not demonstrate an intent to have the separate bond in question cover the underlying judgment. Indeed, if the respondents had desired this

result, they would not have filed a separate cost bond, since bonds filed in accordance with Rule 73(d), Utah R.Civ.P., are for "the satisfaction of the judgment in full together with *costs*, interest, and damages for dalay . . . ." (Emphasis added.) I would affirm the decision of the trial court.

ZIMMERMAN, J., having disqualified himself, does not participate herein.

LEONARD RUSSON, District Judge, sat.