(No. 2776.    Jan. 17, 1924.)

## McDONALD v. NORRIS et al.

### SYLLABUS BY THE COURT

A supersedeas bond, conditioned that if the principal, as plaintiff and appellant, "shall well and truly prosecute said appeal, and shall pay the judgment appealed from and the judgment of the Supreme Court upon said appeal, and all the costs that may be adjudged against him in case such appeal be dismissed, or the judgment of the district court shall be affirmed," etc., does not authorize a recovery against the sureties upon such bond for the rental value of the premises, judgment for the possession of which was superseded by the giving of such bond.

Appeal from District Court, Otero County; Ed Mechem, Judge.

McDonald v. Norris et al., 29 N. M. 240

.Action by D. A. McDonald against William T. Norris and others. From a judgment of dismissal, plaintiff appeals. Affirmed.

J. L. Lawson, of Alamogordo, and Holt & Sutherland, of Las Cruces, for appelant,

Lee R. York, of Alamogordo, for appellees.

PARKER, C. J. The appellant recovered a judgment against one William T. Norris for the possession of certain real estate in the town of Alamogordo, and for $427.20 on account of rent due from Norris. Norris appealed from the judgment to this court, and the judgment to this court, and the judgment was affirmed. Norris v. McDonald, 27 N. M. 116, 196 Pac. 514. Upon taking said appeal, Norris applied to the district court to fix the amount of a supersedeas bond, and the court fixed the bond at the sum of $2,000. Norris furnished the supersedeas bond conditioned as follows:

"Now, therefore, if the above bounden principal, William T. Norris, as plaintiff and appellant on said appeal, shall well and truly prosecute said appeal, and shall pay the judgment appealed from and the judgment of the Supreme Court upon said appeal, and all the costs that may be adjudged against him in case such appeal be dismissed or the judgment of the district court shall be affirmed, then this obligation to be null and void; otherwise, to remain in full force and effect."

The appellees in this case were sureties on that appeal bond. Appellant has brought suit upon the bond and, a motion which was treated by the court as a demurrer to the complaint, having been sustained by the court, and, the appellant having announced his intention of standing upon his complaint and declining to plead further, the court dismissed the cause, from which judgment this appeal is taken.

It is alleged in the complaint that the rental value of the premises involved was $100 per month during the pendency of said appeal, and that when application was made for the fixing of the amount of the supersedeas bond the question of the rental value of the

premises was discussed between the court and coun-
sel for the respective parties, and that the court found
such rental value to be $100 per month, and thereupon
fixed the amount of the supersedas bond at $2,000.

It is apparent that the bond for $2,000 is greatly in
excess of an amount sufficient to secure the payment
of the money judgment of $467.20, and that the judge
in fixing the amount of the bond at $2,000 intended
to provide for the security of payment to the appel-
lant of a reasonable rental value of the premises pend-
ing the appeal. It is upon the theory that the bond is
sufficient in form to cover these rentals that this ac-
tion has been brought. That the bond when given
was so intended seems to be reasonably apparent from
the circumstances surrounding the transaction. But
a slip was made by some one connected with the tran-
saction, and the bond fails in terms to provide the
security which was evidently intended. These circum-
stances make a strong appeal to the court to extend
the provisions of the bond, if possible, to cover the ap-
pellant's claim.

On the other hand, the sureties on this bond (the ap-
pellees in this case) have a right to have their liability
determined upon the terms of their undertaking. An
examination of the bond shows that their undertaking
was to pay the judgment appealed from and the judg-
ment of the Supreme Court upon such appeal and costs.
The judgment appealed from was for money in the sum
of $467.20. This judgment was affirmed, and there-
upon the liability of the appellees arose to satisfy the
amount of money due under the judgment. It is true
that the judgment also awarded possession of the prem-
ises, and the reasonable rental value thereof was $100
per month, but the sureties did not undertake to satisfy
the amount of this rental by the terms of their bond.
In order to hold that they did, this court would be com-
pelled to make a new contract for the parties, which,
of course, is inadmissible. We would have to say that
we will insert into this bond an undertaking on the part

of the sureties to satisfy any damage which the appellant might suffer pending the former appeal by reason of being kept out of the possession of the premises. The sureties made no such undertaking.

Counsel cites and relies upon the case of McDonald v. Mazon, 23 N. M. 439, 168 Pac. 1069. An examination of that case, however, discloses that it has no bearing upon the question here. In that case there was a money judgment, and the supersedeas should have been in double the amount of such judgment. The appellants, however, elected to apply to the court to fix the amount of the supersedeas bond, and he fixed it at more than double the amount of the judgment. The point was made that the bond not being in conformity with the statute in cases of money judgments, there was no power in this court to direct the district court to enter judgment against the sureties. We held that the bond was in substantial conformity with the statute. In other words, the point decided was that this court, upon affirmance of a judgment, might remand the cause with directions to enter judgment against the sureties on a supersedeas bond, notwithstanding that bond was not in strict conformity with the provisions of the statute on the subject. It is apparent, therefore, that the case has no application to the consideration here.

We have examined the other cases cited by counsel for appellant, and fail to find anything in them of force and effect in this consideration.

It is suggested in the brief that, inasmuch as the appellant in the case suffers damage by reason of the superseding of the judgment in his favor, the sureties upon the appeal bond should not be excused, excepting for the best of reasons, and that liberal construction of the bond should be indulged against them. This proposition is to be admitted. But it certainly cannot be invoked to the extent of inserting a provision in the undertaking of the sureties to which they have not subscribed.

It follows that the judgment of the district court was correct, and should be affirmed, and it is so ordered.

·BRATTON and BOTTS, JJ., concur.