[No. 2753. Nov. 7, 1925.]

PEREZ v. GIL'S ESTATE ET AL.

(240 Pac. 999.)

SYLLABUS BY THE COURT

Where the decision appealed from is for a recovery other than a fixed amount of money, and no damages have been adjudged against the appellant, it is improper, upon affirmance of the decision, for the mandate to direct entry of judgment against sureties on the supersedeas bond.

Appeal from District Court, Guadalupe County; Leahy, Judge.

---

[1] 4 CJ p. 1307 n. 31 New.

On Motion to recall amended mandate. Motion granted.

For original opinion, see 29 N. M. 313, 222 P. 907, 35, A. L. R. 43.

F. Faircloth, of Santa Rosa, and O. A. Larrazolo, of Albuquerque, for appellant.

Rodey & Rodey, of Albuquerque, and W. J. Lucas, of East Las Vegas, for appellees.

### OPINION OF THE COURT

BICKLEY, J.   On the 25th of January, 1924, this court rendered its opinion and decision in this case, affirming the judgment rendered in the lower court. See 29 N. M. 313, 222 P. 907, 35 A. L. R. 43. The opinion sets forth fully the nature of the proceedings and judgment in the lower court. Thereafter a mandate in the usual form was issued, notifying the district court that its judgment had been affirmed, and commanding it to ''enforce your judgment.'' Subsequently, upon the request of the appellee Geo. W. Bond & Bro. Mercantile Company, an amended mandate was issued commanding the district court to ''enforce your judgment and enter judgment against the sureties on the supersedeas bond.'' The appellant has filed a motion to recall the amended mandate. It is this motion which is now under consideration.

The appellant gave a supersedeas bond conditioned as provided by section 17, c. 43, Laws of 1917, for giving such bonds, where the decision appealed from is for a recovery other than a fixed amount of money.

The recovery in this case was not for a fixed amount of money by appellant from the appellee Geo. W. Bond & Bro. Mercantile Company, but that the claim of such company is prior to the claim of the appellant, and should be paid out of the assets of the estate before payment should be made to appellant of his claim.

The district court did not adjudge any damages against the appellant, and none were adjudged against

him in this court.   The condition of the supersedeas bond in this case is:

"Now, therefore, if the above-bounden Eugenio Perez shall prosecute his said appeal with due diligence in the Supreme Court of the State of New Mexico, and, if the decision of the court below be affirmed, or the appeal be dismissed, shall comply with the decree of the district court and pay all damages and costs adjudged against him in the district court, and in the said Supreme Court on such appeal, then this obligation shall be null and void and of no effect; otherwise to remain in full force and effect."

It is apparent that under the first part of section 17, c. 43, Laws of 1917, under which the supersedeas bond is conditioned for the payment of money judgment and the costs adjudged against the appealing party in case such appeal be dismissed or the judgment of the district court be affirmed, it would be appropriate, in case of an affirmance, to use a form of mandate embodying a direction to enter judgment against the sureties of the supersedeas bond.   But under the latter portion of said section, where the condition of the supersedeas bond is to "pay all damages and costs adjudged against him in the district court and in the Supreme Court on such appeal or writ of error," then such a form of mandate would be inappropriate in the absence of any adjudication of damages and costs against the appellant, and in such case the form first used in this case which carried the direction merely to **enforce the judgment** was the proper one.

There being no damages or costs adjudged against appellant in this case, and none having been asked for in this court prior to the issuance of the mandate or otherwise, it is our opinion that the original mandate was correct, and the subsequent amended one should not have been issued and should be recalled, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.