No. 36,025

Nellie Watts, *Appellant*, v. Corwin Grant Watts and J. B. Mc-
Kay, Trustee of the Estate of Corwin. Grant Watts, *Appellees*.

(145 P. 2d 128)

Opinion filed
January 22, 1944.

*R. C. Woodward*, of El Dorado, argued the cause, and *H. Pauline Woodward*,
of El Dorado, *C. W. Burch, B. I. Litowich, LaRue Royce* and *E. S. Hampton*,
all of Salina, were on the briefs for the appellant.

*J. B. McKay*, of El Dorado, argued the cause for the appellees.

The opinion of the court was delivered by

Thiele, J.: This was an action for a divorce. Under circumstances hereafter set forth, the plaintiff requested the trial court
to hear and pass upon certain questions of law in advance of the
trial of the facts. After a hearing the questions so decided and the
rulings thereon were filed, and from such rulings the plaintiff appeals to this court.

Plaintiff commenced her action by filing a petition alleging her
marriage to defendant Corwin Grant Watts in 1924, the birth of a
child in 1926 and a ground for divorce, and praying for a divorce,
for the custody of the child, for permanent alimony and attorney's
fees and costs. Defendant Watts entered his appearance, but the
abstract does not disclose he filed any answer or participated in
the matters herein discussed. Shortly thereafter plaintiff obtained
leave to make J. B. McKay, trustee of the estate of Corwin Grant
Watts, a defendant, and she then filed a supplemental petition in
which she alleged that on December 11, 1918, the last will of Mary
D. Watts was duly admitted to probate in Butler county probate
court, a copy of the will being attached as an exhibit; that on

November 10, 1919, the district court of Butler county assumed jurisdiction of the administration of the trust created by the will and now retains the same; that J. B. McKay is the sole surviving trustee; that the trust was created for the support and benefit of Corwin Grant Watts, who has no property other than his beneficial interest in the trust estate; that Corwin Grant Watts is legally and morally bound to support plaintiff and his minor child, and pursuant to an order of the district court the trustee had been paying plaintiff for support of herself and the child the sum of fifty dollars per month since about the year 1932; that plaintiff and defendant had not cohabited since that time. Plaintiff expanded the prayer of her petition to include that McKay as trustee be ordered to pay to plaintiff and her attorneys such amounts as the court in its discretion might allow her for temporary and permanent alimony, support money for the child and for attorney's fees and costs.

The will of Mary D. Watts disposed of certain personal property and a half interest in certain described real estate and oil and gas royalties therefrom, and we are not concerned therewith. Under the third paragraph the testatrix devised and bequeathed the other undivided one-half interest in the real estate and oil and gas royalties to A. L. L. Hamilton and J. B. McKay in trust for Corwin Grant Watts, giving the trustees or the survivor full power to hold, manage, control, sell, transfer and convey the same, to reinvest the principal and income from time to time and to do everything necessary and proper to effectuate the trust, and she directed the trustees to pay Corwin Grant Watts "at such times as to them may seem necessary, such sums of money as shall in their judgment be necessary for the proper maintenance, support and education of said Corwin Grant Watts;" and after he arrived at the age of twenty-one years, the trustees were authorized and directed to turn over to Corwin Grant Watts all the trust property then on hand, "when, in their judgment and discretion, said Corwin Grant Watts has attained sufficient business judgment, and otherwise shows himself to be capable of handling such property, but said trustees are directed to hold and invest such property as herein provided until they have determined said Corwin Grant Watts to be a suitable person to handle the same."

By a later paragraph she devised and bequeathed one-half of the residue of her estate to the same trustees in trust for Corwin

Grant Watts "to be held, controlled, managed and disposed of by them exactly as provided in paragraph third hereof."

The answer of McKay, as trustee, contained certain admissions and allegations as to the will and its probate and that he is now the sole trustee under the will; that he had no concern with the marital difficulties of plaintiff and her husband and neither admitted nor denied her allegations in that respect. He further admitted that in 1919 the trustees had invoked the jurisdiction of the district court of Butler county with respect to the trust and had since made annual reports to that court. We need not now detail the allegations with respect to the property in possession of the trustee, consisting principally of real estate on which oil is being produced and some investments, or its present value, or fluctuation of income from oil royalties, which now average about $125 a month; that the district court has exercised jurisdiction over the trust and, with full acquiescence and approval of the trustee, has received, examined and approved reports made, fixed and approved the trustee's bond, fixed his compensation and fixed the amount to be paid out of the trust estate for the support of defendant Watts and his family; that it appears from the will that the trust created is a discretionary trust for the benefit of Corwin Grant Watts and the trustee is charged with the duty of paying to him such sums of money as are, in the judgment of the trustee necessary for his proper support, maintenance and education and that the trustee's discretion is not subject to the control of any court except to prevent an abuse thereof; that in pursuance of the orders of the court and in the exercise of his own discretion the trustee has at all times since plaintiff and her husband separated in 1932 paid plaintiff for herself and child the sum of fifty dollars per month, and in addition unusual expenses such as doctor's bills for herself and child, and has allowed her to occupy rent-free a house in Wichita belonging to the trust estate, but on which he has paid taxes, insurance, repairs and upkeep; that plaintiff conducts a "beauty parlor" in said house and her earnings with the sum of fifty dollars per month afford her a comfortable living; that the child is no longer in school and is or soon will be partially self-supporting; and that the trustee is willing to continue such payments and support of the plaintiff and the child, to the extent that the funds in his hands will permit, so long as the relation of husband and wife exists between plaintiff and the defendant Watts. Trustee further alleges that he has determined and is of

opinion that Corwin Grant Watts will never attain sufficient business judgment and otherwise show himself capable of handling the property now in trust; that he is and always will be a spendthrift and it will be necessary to support him the remainder of his life, and in order to carry out the purposes of the will it is necessary to conserve and preserve the corpus of the trust so that the same will be adequate to support Watts for the remainder of his life; that Watts is now about forty years of age and has a life expectancy greater than the oil wells can be reasonably expected to produce, and in the judgment and opinion of the trustee it will become necessary in the not far distant future to support Watts entirely out of the cash and securities on hand and the income therefrom is not adequate for the purpose. The trustee further alleges that it is not for the best interests of defendant Watts that plaintiff be allowed temporary or permanent alimony, support money for the child, etc., to be paid out of the trust estate and he denies the jurisdiction of the court to order him to apply the trust funds to such purposes. He prayed that plaintiff be denied the relief prayed for against him and that the action be dismissed as to him.

The plaintiff then asked the court to rule upon certain specified questions of law. In compliance the court stated its rulings in writing and filed the same. After referring to the will of Mary D. Watts, the court found that it created "what in law is known as a spendthrift trust, which trust was created for the purpose of providing in the discretion of the trustees for the support of the defendant." After reference to the third paragraph of the will the court stated further:

"To the specific law questions propounded to the Court the Court makes the following answers and finds the law to be as stated therein:

"Q. 1. Does the Court, while the marriage relation exists between the plaintiff and defendant, Corwin Grant Watts, have authority—

"(a) To order said trustee to pay part of the income of said trust estate to plaintiff for support of said plaintiff and the minor child of plaintiff and defendant? A. No. This Court has not found that the Trustee has violated any orders of this Court made in the matter of said trusteeship; it has not found that the trustee has abused the discretion granted by the terms of said trust or by the law; it has made no order in this case for the payment of temporary support or care of plaintiff or their minor child, and has no power or authority at this time to order the trustee to. do anything with the income from said trust estate.

"(b) In the event that the income from said trust estate is inadequate for the purpose, does the Court have authority to direct said trustee to dispose of a part of the corpus of the estate for the purpose of providing funds for

the support of said plaintiff and said minor child? A. No, for the reasons stated in answer to Question (a).

"(c) To direct said trustee to pay the costs of this action including a reasonable attorney's fee for the plaintiff's attorney for bringing and conducting this suit, and in the event the income from said estate is inadequate for that purpose, direct to provide funds with which to pay the same? A. No, for the reasons stated in answer to Question (a).

"While the marriage relation exists, if the defendant should fail to properly support the plaintiff, and the trustee, after proper application has been made to him, should so act as would under all the circumstances constitute an abuse of discretion, then this Court in a proper proceeding would have the right to correct such abuse by temporary orders by directing the trustee to make payments to the plaintiff of a reasonable amount for her support and maintenance from the income or from the corpus or from both sources, but such orders must be limited to the reasonable and current support and maintenance of the plaintiff, would be subject to change or to be set aside at any time, and, in the first instance, could be made for the sole purpose of correcting a previous abuse of discretion on the part of the trustee.

"While the child of the plaintiff and defendant is under twenty-one years of age, and a single woman, the law would be the same as to said child.

"Q. 2. In the event a divorce is granted in this action and the marriage relation between said plaintiff and said Corwin Grant Watts terminated, does the Court have authority and power—

"(a) To award and set apart to said plaintiff as permanent alimony, a part of the corpus of said Trust Estate, or create a lien against the same for the purpose of securing the payment of whatever permanent alimony is finally awarded plaintiff? A. No. If a divorce be granted the Court will have no right to direct the Trustee to pay anything to the plaintiff as permanent alimony, or division of property, or for support of the plaintiff, nor can the Court create a lien upon said Trust Fund or the income or profits therefrom, for any of the purposes set forth above.

"(b) To award and set apart to plaintiff for the support and maintenance of the minor child of plaintiff and said Corwin Grant Watts, during her minority, a portion of the corpus of the Trust Estate, or to create a lien thereon for the purpose of securing the payment of whatever sum said Court shall finally allow as support money for said minor child? A. No. But if, upon application to the Trustee for support of said child, and such application should be denied to the extent that it would be said to constitute an abuse of discretion on the part of said Trustee, and said child was then a minor and unmarried, the Court would have the power to correct such abuse by requiring the Trustee to pay from the corpus or from the income of said Trust Estate, a sufficient amount to provide for the temporary support of said child, which payments might be ordered to be made during the minority of said child, or until its marriage. However, any such order by the Court would be subject to change at any time and could only be made to correct an abuse on the part of the trustees.

"(c) To award to plaintiff as permanent alimony a share of the income of said Trust Estate? A. No.

"(d) To award to plaintiff for the support of said minor child, during her minority, a share of the income of said Trust Estate? A. No.

"(e) To award to plaintiff's attorneys a reasonable attorney fee, to be paid out of the corpus of said Estate for their services in bringing and conducting this suit? A. No.

"(f) To award to plaintiff's attorneys a reasonable attorney fee, to be paid out of the income of said Trust Fund, for their services in bringing and conducting this suit? A. No.

"(g) To direct said Trustee to pay the costs of this action? A. No.

"As the Trust Estate is being handled by the Trustee under the supervision of this Court, it may seem technical to hold that all proceedings by the plaintiff or in behalf of said child seeking to obtain any part of said trust fund, must be filed in the Trust Estate, yet this Court feels that all applications for relief of this kind should first be presented to the Trustee, and if he should be guilty of an abuse of discretion that an application should then be filed in the Trust Estate to correct such abuse. Therefore, as the Trustee has never been called upon to exercise his discretion with reference to any of the matters presented in this divorce suit, the Court holds as a matter of law that the Trustee is not a proper party to this action, and that any efforts of either the plaintiff or the child of the parties to obtain any part of said Trust Fund, or the income therefrom, must be filed in the Trust Estate, and the Trustee be given an opportunity to act thereon before it is presented to the Court. Any payments made by the Trustee to either the plaintiff or said child must conform to the rules of law stated in the answers to the legal questions submitted."

As heretofore indicated, plaintiff appeals from the above rulings. The defendant Watts, although served with notice of appeal, has filed no brief, and the controversy here is between the plaintiff and the defendant trustee, and they will be referred to as the appellant and appellee.

The present appeal presents some technical difficulties not specifically mentioned or relied on in the briefs. This is an action for a divorce. Under the code of civil procedure there is no provision for making any person other than a spouse a party defendant in such an action. (Cf. *Howell v. Herriff*, 87 Kan. 389, 124 Pac. 168, Ann. Cas. 1913E 429.) In the present case the relief sought against the defendants is not the same and, assuming any cause of action is stated against the trustee, the causes of action do not affect all parties, for the trustee has no legal interest in the marital status of either of the spouses. (See G. S. 1935, 60-601.) In a general way, appellant directs our attention to *Watts v. Watts*, 151 Kan. 125, 98 P. 2d 125, as authorizing the present proceedings. What was said in that opinion was based on what was there shown and involved, but it was there stated that assuming the trial court had jurisdiction otherwise it could make no valid order nor render any judgment disposing of

the trust fund unless the trustee was properly before it as a party to the action.

- Another matter presenting some difficulty is this: In a sense the purpose of the questions of law submitted in the instant case is to obtain rulings so that the plaintiff may be advised in advance whether it is to her financial interest to seek a divorce and permanent alimony or to leave the marital relation undisturbed' and to seek only to have a portion of the trust fund or its income allotted to her for her support. It may be doubted that the purpose to be served in passing upon questions of law in advance of a trial of the facts is to advise a party to the action which course for relief should be followed by him. Although we consider this appeal, our course in so doing is not to be interpreted as full approval or binding in a case where the questions above discussed are fully presented.

We think it pertinent to point out that this is not an action to construe the will of Mrs. Watts. Only in such an action could we decide some questions incidentally raised in the briefs, and the decision of which would affect possible interests of those not parties to the action. (Cf. *Ayers v. Graff*, 153 Kan. 209, 109 P. 2d 202.)

In a summary way it may be said that appellant contends the trust created is a spendthrift trust and not a discretionary trust; that the trustee has surrendered his discretion under the trust to the district court of Butler county; that the corpus of the trust is the property of defendant Watts, and upon decree of divorce granted, the court should award alimony and charge it against the trust estate. Shortly stated, appellee says the question is whether the trust estate is the property of defendant Watts and subject to expropriation in the present proceedings. In arguing their contentions, the parties raise and discuss many related matters, and in support of all our attention is directed to many authorities, only a few of which will be mentioned.

We need not discuss at length the duty of a husband to support and maintain his wife and child, for there can be no argument that a husband has a moral and legal duty to do so. Under our statutes if the wife be granted a divorce from her husband for his fault, she is to be restored to her property, and to be allowed such alimony as the court shall think reasonable, having due regard to the property which came to him by marriage and the value of his real and personal estate at the time of the divorce. (G. S. 1941 Supp. 60-1511.) In determining what amount of permanent alimony should be

granted, the court in a proper case may consider the future earnings of the husband. (*Francis v. Francis,* 108 Kan. 220, 194 Pac. 641, and cases cited therein.)

Directing attention to the provisions of the will, appellant contends that under it a discretionary trust is not created for the reason there is only a single beneficiary and no discretion as to selection of beneficiary (Griswold on Spendthrift Trusts, p. 373, § 428); that a spendthrift trust is created (*Sherman v. Havens,* 94 Kan. 654, 146 Pac. 1030, *Pond v. Harrison,* 96 Kan. 542, 152 Pac. 655); and that under the spendthrift trust the beneficial interests of Corwin Grant Watts are vested. (*McLaughlin v. Penney,* 65 Kan. 523, 70 Pac. 341; *In re Estate of Aye,* 155 Kan. 272, 124 P. 2d 482.) She further contends that because in the past the district court of Butler county either made an order for the support of herself and minor child, or approved an application of the trustee to that effect, such discretion as the trustee had was abdicated by him and taken by the court and that she is now entitled to have a part of the trust fund set off to her as alimony and for support of the minor daughter whose custody she seeks. Supplementing that contention is the further one that even though a creditor may not have any part of income or principal of a spendthrift trust estate applied to his debt, public policy demands that the beneficiary of such a trust be compelled to support his wife and child; that they stand in a position different from ordinary creditors, and the court in enforcing marital and filial rights may invade the income from a spendthrift trust. In support of the latter contentions our attention is directed to decisions from courts other than our own and to notes in various law reviews.

The appellee makes some contention that the trust created is a discretionary trust; that although as trustee he has an obligation to support and maintain his ward, he has complete discretion whether he shall ever turn over to his ward the corpus of the trust estate, and that if he does not do so in the lifetime of his ward, the corpus passes to the heirs of the settlor, Mrs. Mary D. Watts, and also that in a proper proceeding before a court having equitable jurisdiction his actions in administering the trust may be reviewed only to determine whether he has abused the discretion placed in him.

An effective answer to the questions whether the will of Mary D. Watts creates a discretionary trust or a spendthrift trust, and if it creates a spendthrift trust, whether the interest of Corwin Grant Watts is vested or contingent, may only be made in an action to

construe the will or in some other proper action in which all persons whose rights might be affected are made parties. But if we pass that difficulty for the moment, we still would find it unnecessary to closely analyze and classify the trust created. We may observe that if the trust created is a purely discretionary one and not a spendthrift trust, the wife or child may not look to the husband's or father's interest. (Restatement, Trusts, § 155.) It may be conceded that if the trust created is a spendthrift trust many cases may be found holding that the income may be subjected to claims for maintenance of the wife or child, and some that it may be subjected to the satisfaction of alimony. (See the cases and notes to other cases referred to in 104 A. L. R. 779.)

This case has not been tried and we are not in a position to deal with established facts. We are advised that Corwin Grant Watts was not related in any manner to Mary D. Watts and would have received no part of her estate except as a result of being a beneficiary under her will. Mary D. Watts was privileged to make a will and bequeath and devise her property in any manner she chose, so long as the disposition was lawful. She not only had full power and right to select the objects of her bounty, but within lawful limits to prescribe the circumstances under which those benefits should be enjoyed. It would appear from the record as abstracted that Corwin Grant Watts was about seventeen years of age when she made her will and also when it was admitted to probate. We may assume that she expected Corwin Grant Watts might marry and have children, and that such a wife or child would receive a share of the benefits she conferred upon him, restricted as they were, but we cannot assume that she expected there would be a divorce and that the trust estate, which she created for his support and maintenance, would be used for the support and maintenance of a divorced wife. Although as above indicated cases may be found where income from a trust estate has, in a proper action, been subjected to the payment of alimony, many others to the contrary are also noted in 104 A. L. R. 779 and the annotations therein mentioned. The present proceeding does not call for an analysis of these various cases, but we do note that some of them depend on specific statutes, and others on the manner in which alimony may be allowed. The present appeal does not warrant a fuller discussion and we may only say that at this time and in the present action the trial court would not

be warranted in charging the trust estate with any award of permanent alimony, if a divorce be granted the wife.

Insofar as pertains to an allowance to appellant for support of herself and child while the marriage relation continues we make the following observations: The trust was fully effective and being administered when appellant married Corwin Grant Watts and she was then aware of the provision made for him, the limitations placed on him and his trustee, and the extent of his interest in the trust estate. It appears from the record as abstracted that since about 1932 the appellee, trustee, under order or approval of the district court, has been making monthly payments for the support and maintenance of the wife and child and has conferred other benefits on them out of the trust estate, and except perhaps as to amount, plaintiff is already receiving from the trustee what she asks the court to give her in the divorce action. We need not discuss the seeming conflict whether the benefits which the wife and child have been receiving from the trustee are the result of an order of the district court, without more, as contended by appellant, or are the result of the exercise of discretion by the trustee and approved and confirmed by the district court, as contended by the appellee. Such a conflict cannot be decided on contradictory allegations in the pleadings, which do not pretend to state which party invoked the jurisdiction of the district court to obtain the particular order for payments but which state only that the payments have been made. Certainly from the record now presented, we cannot say that, even though he could legally do so, the trustee had surrendered to the district court his discretion in the administration of the trust.

Although the trial court ruled on the questions of law submitted, it expressed the view that all proceedings by the plaintiff for financial relief of herself and the child from the trust estate should have been filed in the proceedings connected with the administration of that trust, and that such application should have been presented to the trustee, whose actions are subject to review by the district court to determine whether the trustee had abused his discretion. With that view we are in accord. We are also of the opinion that the specific rulings made by the trial court, as applied to the proceeding in which they were rendered, were correct.

The ruling and decision of the trial court are affirmed.