218 P.2d 1031

**MALCOMB v. SMITH et al.**

No. 5269.

Supreme Court of New Mexico.

May 20, 1950.

Irwin S. Moise, and Lewis R. Sutin, Albuquerque, for appellant.

Otto Smith, Clovis, and Botts & Botts, Albuquerque, for appellees.

SADLER, Justice.

The question at issue on this appeal is one involving a priority of jurisdiction as between the district court of the 9th Judicial District sitting within and for the County of Curry in that certain cause pending on the civil docket of said court entitled Carl A. Hatch, Executor of the Last Will and Testament of M. B. Kuntz, deceased, Plaintiff, against Della Maude Kuntz, et als., Docket No. 5441, and the district court of the 2nd Judicial District sitting within and for the County of Bernalillo in that certain cause pending on the civil docket of said court entitled Margaret Kuntz Malcomb, Plaintiff, against Otto Smith, Trustee of the Estate of D. M. Kuntz, deceased, and Mrs. E. B. Kuntz, Defendants, Docket No. 5269.

A recitation of the facts out of which arose the conflict of jurisdiction as between the two courts follows. M. B. Kuntz died June 18, 1934, leaving a last will and testament which was duly admitted to probate in Curry County, New Mexico. Carl A. Hatch, then a resident of Clovis, New Mexico, was named executor under the terms of the will and in a suit instituted by him in the district court of the 9th Judicial District sitting within and for the County of Curry entitled as stated in the first paragraph of this opinion, No. 5441 on the civil docket of said court, a decree was entered on August 8, 1936, finding that all proper parties were before it and that the estate of M. B. Kuntz was ready to close; that the named trustee had refused to qualify and that appellee in the present suit should be appointed as trustee. The court found in addition that certain paragraphs in the will required construction and proceeded to construe the will and outline the duties of the trustee. Specifically, the court found as follows: "The Court further finds that in view of the terms and conditions of said will, that no sale of the assets of said estate shall be made by said trustee without first obtaining an order of this Court, authorizing such sale of the same. For such purposes and any and all other purposes connected with said estate, this cause shall continue and remain on the Docket of this Court, and this Court shall have and retain full jurisdiction of said trust estate and any and all matters arising in connection therewith at and *and* all times."

Della Maude Kuntz was the wife of M. B. Kuntz, deceased. Margaret Kuntz Malcomb, the plaintiff in the present suit is a daughter of the marriage between Della Maude Kuntz and M. B. Kuntz. Della Maude Kuntz died on October 26, 1938, after having executed her last will and testament on August 5, 1936. Her will was

admitted to probate by the probate court of Curry County, New Mexico. In it the appellee, Otto Smith, was named as trustee. On November 27, 1940, the probate court of Curry County entered its order approving the final account of Carl A. Hatch, as executor appointed by said court to execute the terms of said will. The court found, among other things, that all heirs, legatees and other persons interested in the estate had been duly served and all were subject to the jurisdiction of the court. The plaintiff herein was one of the legatees named in said will as was the appellee, as a trustee. At that time, as found by the court, the appellee was acting as trustee of the trust estate created by the will of M. B. Kuntz, administering the same under the jurisdiction and control of Curry County district court in Cause No. 5441 on its civil docket.

Sub-paragraph c of paragraph V of the last will and testament of Della Maude Kuntz executed on August 5, 1936, only two days before the district court of Curry County signed the decree approving the final report on the estate of M. B. Kuntz, deceased, and setting up the trust provided for in his last will and testament in Cause No. 5441 on the docket of said court, among other things, provided as follows: "I will and direct my trustee to use the income from my estate and property in the same manner and to the same extent as provided in the will of my beloved husband, M B Kuntz, that is, that said trustee shall consolidate the two estates, mine and my husband's, and shall use the income from both estates to carry out the bequests made by my husband in his said will, and to that extent and for that purpose, I hereby direct my said trustee to use the income from my estate and so much of the principal thereof * * *".

Pursuant to the direction contained in the sub-paragraph of the last will and testament of Della Maude Kuntz, quoted next hereinabove, the probate court in its order approving the final account of Carl A. Hatch, as executor of her estate, directed as follows: "That it is specifically provided, in section (c) of Paragraph VI of the Last Will and Testament of Della Maude Kuntz, deceased, that the said Trustee, Otto Smith, shall consolidate the administration of the trust estate created by Last Will and Testament of the said Della Maude Kuntz, deceased, with the administration of the trust estate created by the Last Will and Testament of M. B. Kuntz, deceased, the late husband of the said Della Maude Kuntz, deceased; that, as aforesaid, the trust estate created by the last Will and Testament of M. B. Kuntz, deceased, is being administered by Otto Smith, Trustee, under the jurisdiction and control of the District Court of Curry County, New Mexico, in Cause No. 5441; that the two trust estates should be combined and consolidated and administered as such; and that the said Otto Smith, Trustee, should make prop-

er application to the District Court of Curry County, New Mexico, in Cause No. 5441, for the consolidation of said estates."

Conformably to the foregoing recitations the decretal portion of the order approving the final account of Carl A. Hatch as executor of the estate of Della Maude Kuntz, deceased, among other things, directed: " * * * the said Otto Smith should combine and consolidate the trust estate created by the last Will and Testament of M. B. Kuntz, deceased, with the trust estate created by the Last Will and Testament of Della Maude Kuntz, deceased; that said Trustee should make application to the District Court of Curry County, New Mexico, in cause No. 5441 on the Civil Docket of said Court, in which cause the trust estate created by the Last Will and Testament of M. B. Kuntz, deceased, is being administered, for the order of said District Court consolidating and combining the administration of the said two trust Estates."

Thereafter and on the 13th day of September, 1941, in its order approving the fifth annual report of trustee in said cause No. 5441 on the civil docket of the District Court of Curry County in which the trust created by the last will and testament of. M. B. Kuntz, deceased, was being administered the court, among other things, provided: " * * * and that the estates of M. B. Kuntz, deceased, and Della Maude Kuntz, deceased, be, and they are hereby, ordered consolidated according to the wills of said decedents and hereafter controlled and managed as one account."

So matters stood until July 13, 1949, when Margaret Kuntz Malcomb, the plaintiff herein, a resident of Albuquerque, Bernalillo County, New Mexico, instituted the present suit before the district court of said county wherein as plaintiff she joined as defendants Otto Smith, as trustee of the estate of Della Maude Kuntz, deceased, and Mrs. E. B. Kuntz, the mother of M. B. Kuntz, a resident of Los Angeles County, California, in a civil cause bearing docket No. 42,224. In her complaint the plaintiff set up that she is the principal beneficiary and residuary legatee under the last will and testament of Della Maude Kuntz, deceased; also that she is the sole and only heir at law of said decedent. The two concluding paragraphs and prayer of the complaint read as follows:

"The plaintiff further says that under the last will and testament of Della Maude Kuntz, Deceased, being Exhibit 'A', the plaintiff is the sole beneficiary of the income and principal of said trust estate and has requested that said trust estate be terminated, and that the Trustee transfer and convey to the plaintiff the residue of said trust estate, and the defendant, Otto Smith, Trustee, has refused to do so.

"The plaintiff further says that the property of said estate is all invested, and the only duty remaining of the defendant, Otto Smith, Trustee, is to collect the dividends and interest and to pay the same as in said will, Exhibit 'A', provided; that said trust estate has become passive, and the Trustee has no further discretionary duties, and said trust estate should be terminated and the Trustee should be required to transfer and convey the residue of said trust estate to this plaintiff.

"Wherefore, the plaintiff prays the Court to terminate the trust estate created under the last will and testament of Della Maude Kuntz, deceased, and to order the defendant, Otto Smith, Trustee, to convey and transfer the residue of said trust estate to this plaintiff, that the plaintiff recover her costs and for all other and proper relief in the premises."

Subsequent to filing of the foregoing complaint, the defendant, Otto Smith as trustee aforesaid, filed his motion to dismiss the same. In it he recited the pendency in the district court of Curry County of civil cause No. 5441 in which the trust created by the last will and testament of M. B. Kuntz was being administered by defendant as trustee; the entry therein on August 8, 1936, of the decree hereinabove recited providing among other things that the district court of Curry County should keep and retain jurisdiction of the trust estate created by the last will of M. B. Kuntz, deceased, until it should be finally closed and settled by the faithful performance of the terms and conditions of the trust created by the last will of the decedent. A copy of said decree was attached and made a part of the motion.

The second paragraph of the motion recited the direction in the order approving the final report of the executor administering the estate of Della Maude Kuntz, deceased, in the probate court of Curry County, that the trust estate created by her last will be consolidated with the trust estate created by the last will of M. B. Kuntz, deceased, being administered in cause No. 5441 in the district court of Curry County, New Mexico. A copy of said final order was attached and made a part of the motion.

The motion goes on to recite the application by Otto Smith as trustee under the last wills of M. B. Kuntz, deceased, and of Della Maude Kuntz, deceased, for consolidation of the two trusts created by the wills and the granting of such application by the District Court of Curry County in the order entered in cause No. 5441 on September 13, 1941, approving the fifth annual report of trustee. A copy of said order was attached and made a part of the motion. The motion further alleges that since the consolidation of the two trusts the trustee named has administered them under the

direction and control of the district court of Curry County in cause No. 5441; that such court, being an equity court and having acquired jurisdiction of the trusts, has a continuing jurisdiction in all matters pertaining thereto and that the district court of Bernalillo County in the present cause is without jurisdiction to entertain the plaintiff's suit, by reason whereof the complaint filed by her should be dismissed.

Thereafter, following oral arguments on the motion and consideration of written briefs filed by opposing counsel, the court on November 2, 1949, entered its order holding the motion to be well taken and that it should be sustained. The complaint was dismissed in conformity with the holding, and this appeal followed.

It is strenuously argued by counsel for the plaintiff that notwithstanding the consolidation of administration of the two trust estates in cause No. 5441 pending on the civil docket of the district court of Curry County, the district court of Bernalillo County, nevertheless, had concurrent jurisdiction to entertain the suit and award the relief prayed for by plaintiff, being first in point of time to invoke such jurisdiction. Counsel argue their case under one point although segregating same into several subdivisions. The one point is that the trial court erred in sustaining the motion to dismiss the complaint. The initial inquiries presented under the argument are:

(1) Did the Bernalillo County district court have jurisdiction?

(2) Did the district court of Curry County acquire a prior jurisdiction through the exclusion of the Bernalillo County district court?

It is not difficult to answer the first inquiry. Mrs. E. B. Kuntz, a beneficiary under the trust, is made a party defendant to this proceeding. The plaintiff alleges in her complaint that she is a resident of Los Angeles County, California, where substituted service was had on her. She has never appeared in the case and under well settled principles only relief in rem could be granted against her. Rosser v. Rosser, 42 N.M. 360, 78 P.2d 1110. The only theory, then, under which the Bernalillo County district court could take jurisdiction in so far as any adjudication of the rights of Mrs. E. B. Kuntz be concerned, and certainly her rights are involved, would have to be based on the assumption that the action is one in rem.

Accordingly, in order to assert her rights in any New Mexico court having jurisdiction of all the parties in interest, due to the inability to get personal service in New Mexico on Mrs. E. B. Kuntz, the plaintiff must pursue her remedy in some district court having control of specific property where the action is one in rem, in which the rights of all the beneficiaries in the estate may be adjudicated. The Bernalillo

County district court does not have jurisdiction, nor can obtain it, over all the parties by reason of the inability to serve Mrs. E. B. Kuntz in New Mexico. Hence, if it be true as contended by appellee that the district court of Curry County already has control of the res, namely, the trust estate in which plaintiff asserts an interest, then that court has the earlier and prior jurisdiction.

We turn then to a consideration of the question whether the district court of Curry County in civil cause No. 5441 had jurisdiction of the trust estate arising out of the last will and testament of Della Maude Kuntz, deceased. We think there can be no doubt on this point. In her last will and testament this testatrix directed that the income from her estate be used in the same manner and to the extent as provided in the will of her husband and, specifically, that the trustee named in her will, Otto Smith, should consolidate the administration of her own and her husband's trust estates. Accordingly, when acting upon the application of the trustee named in her will, the district court of Curry County in cause No. 5441, consolidated the two estates, and ordered that henceforth they be "controlled and managed as one account," it assumed over the Della Maude Kuntz estate the same jurisdiction it then had and had been exercising over the M. B. Kuntz estate. The res of both estates thus was brought directly under the jurisdiction of the district court of Curry County in the cause mentioned.

It cannot be disputed that the plaintiff's suit is one in rem and by reason of the interest of Mrs. E. B. Kuntz in the trust estate, she is a necessary party. 3 Bogert, Trusts and Trustees, Part 2, § 593, page 61. So it is that the relief claimed by plaintiff in the trust property can only be adjudicated in the Bernalillo County suit if that court has or takes possession of the res. However, it is a well established doctrine that, as between courts of concurrent jurisdiction, the first acquiring jurisdiction of the subject matter of an action is permitted to retain it to the end. State ex rel. Parsons Mining Co. v. McClure, 17 N.M. 694, 133 P. 1063. When we see the broad powers assumed over the trust estate by the district court of Curry County in cause No. 5441, we are forced to hold it first assumed and exercised the jurisdiction here invoked by the plaintiff in her Bernalillo County suit.

We think that under the authority of cases such as United States v. Bank of New York & Trust Co., 296 U.S. 463, 56 S. Ct. 343, 80 L.Ed. 331; Watts v. Watts, 158 Kan. 59, 145 P.2d 128, the trial court was fully justified in ruling as it did that first and prior jurisdiction resided in the district court of Curry County in cause No. 5441 and that that court had exclusive jurisdiction so far as the relief prayed in the Bernalillo County suit was concerned. The

argument of counsel that the act of the trustee in bringing the trust estate under the jurisdiction of the district court in Curry County was purely voluntary and for the trustee's own convenience is not persuasive. The broad powers over the trust contemplated, exercised and enjoined both by the will and the order of the court in assuming control and management of the two trust estates contradict any such purpose as the argument claims.

Nor may plaintiff's position be aided by an application of the so-called "non-interference" rule within the meaning thereof as discussed in Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 56 S.Ct. 600, 80 L.Ed. 920 and Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256. In each of the cases cited the opinion presupposed the existence and continued administration of a valid, subsisting trust. Here, the opposite is true. The very basis of plaintiff's claim is that there is no longer a valid trust, and, hence, continued administration thereof should be terminated. Just how a suit which seeks to extinguish an existing trust can be maintained on the theory that it operates as no interference with it is quite beyond us.

Finding no error, the judgment will be affirmed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE and COMPTON, JJ., concur.