397 P.2d 10

John BURROUGHS, Plaintiff-Appellee,

v.

UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, a corporation,
Defendant-Appellant.

No. 7417.

Supreme Court of New Mexico.

Nov. 23, 1964.

Smith, Smith & Tharp, Clovis, for appellant.

Mears, Mears & Boone, Portales, for appellee.

MOISE, Justice.

Plaintiff-appellee brought suit in replevin to recover possession of a tractor and trailer. Upon his furnishing a replevin bond, as required by law, possession was delivered to him. After trial on the merits, judgment was entered in favor of plaintiff adjudging him to be the owner and entitled to possession of the truck and trailer. Defendants in that cause perfected an appeal from the judgment and supersedeas was fixed in the amount of $9,000.00. A bond for this amount was given, duly executed by the defendants in the replevin action as principals, and defendant-appellant here as surety, conditioned as follows:

"NOW, THEREFORE, if said appellants and principals shall appear in the Supreme Court of the State of New Mexico on the return day of said appeal, and from day to day, from term to term and time to time, and obey all the orders made by said Supreme Court of the State of New Mexico in said cause, and shall prosecute their appeal with diligence; and if the decision and judgment of the District Court be affirmed, or the appeal dismissed, they shall comply with such decision and judgment and pay all costs and damages finally adjudged against them, including legal damages, if any, caused by taking said appeal, then this obligation shall be void and of no effect; otherwise to remain in full force and virtue in law."

After the supersedeas bond was approved and filed, plaintiff delivered possession of the truck and trailer back to the principals on the bond.

The judgment that plaintiff was the owner and entitled to the immediate possession of the truck and trailer was affirmed by us and a mandate was issued to the district court "to enter judgment against appellants and the sureties upon their supersedeas bond." Burroughs v. Garrett, 67 N.M. 66, 352 P.2d 644.

After our decision in that case, plaintiff sued defendant on the supersedeas bond and recovered judgment for $9,000.00, the court having made a finding that the

tractor and trailer had a reasonable value of that amount.

Defendant has perfected its appeal from this judgment. A number of points are argued in defendant's brief; however, we discuss only the first three.

Under its Point I, defendant asserts that the trial court was without jurisdiction to determine the issues raised in the action for the reason that under the terms of the mandate quoted above, jurisdiction was vested exclusively in the court which heard and decided the replevin action.

Supreme Court Rule 17(5) (§ 21–2–1(17) (5), N.M.S.A.1953) provides for remanding of a cause to the district court with directions to enter judgment against an unsuccessful appellant and against the sureties on the appeal or supersedeas bond. That is what was done in the instant case. Compare First Nat. Bank in Albuquerque v. Tanney, 51 N.M. 60, 178 P.2d 581; Hopkins v. Orr, 124 U.S. 510, 8 S.Ct. 590, 31 L.Ed. 523, affirming Orr v. Hopkins, 3 N.M. (Gild.) 25, 3 N.M. (John) 45, 1 P. 181.

The supersedeas bond executed by defendant is provided for in, and conformed to the requirements of Supreme Court Rule 9(1) (§ 21–2–1(9) (1), N.M.S.A.1953). However, as is pointed out in Perez v. Gil's Estate, 31 N.M. 105, 240 P. 999, a decision involving a bond conditioned much

as is the bond in the instant case, and arising under the law as it existed prior to adoption of the rule (§ 105–2513, N.M. S.A.1929), the judgment being superseded not being a money judgment, it was "inappropriate" upon affirmance to order judgment against the sureties on the bond.

In Perez v. Gil's Estate, supra, a motion was timely filed, asking that the mandate be recalled and corrected. In the instant case, appellee chose to disregard the mandate and proceed in a new action on the bond. He supports his position by pointing to Supreme Court Rule 9(1), supra, wherein it states that the bond shall be conditioned for payment of damages "whether such damages be assessed on motion made in the cause, *or in a civil action on the bond*" (emphasis supplied), and the cases of Empson v. Fortune, 102 Wash. 16, 172 P. 873, and Levas v. Massachusetts Bonding & Ins. Co., 21 Wash.2d 562, 152 P.2d 320.

A suit for damages on the bond is permitted by our rule as is clear from the language quoted above. It cannot be questioned that this right is cumulative so as to be available in a proper case. In neither of the Washington cases relied upon did the mandate provide for judgment against the sureties to be entered in the trial court. Indeed, no provision was made in the rules for such a procedure, although the right in the Supreme Court to enter judgment against the sureties was recognized. Both

cases merely support the right to proceed in a separate suit where the appellate court had not directed entry of judgment against the sureties. This conclusion was undoubtedly correct and, absent the mandate in the form it was here issued, there would be no question of the right to proceed in the manner chosen.

However, since the mandate contained the language quoted above directing entry of judgment not only against the appellants therein, but also against the sureties on the supersedeas bond, was the route followed by plaintiff in filing a separate suit open to him?

We have already indicated that we are of the opinion the mandate as issued was "inappropriate" and that upon timely motion it would have been withdrawn and a proper one substituted. However, no such move was made by plaintiff. Jurisdiction to enter judgment was in the trial court and would remain there until the mandate was corrected. Was this jurisdiction exclusive?

We recognize the rule many times stated by us that as between courts of concurrent jurisdiction, the one which first acquired jurisdiction of the subject matter of the action would be permitted to retain it to the end. Malcomb v. Smith, 54 N.M. 203, 218 P.2d 1031. An examination of United States v. Bank of New York, 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed.

331, and Watts v. Watts, 158 Kan. 59, 145 P.2d 128, cited in Malcomb v. Smith, supra, as well as State ex rel. Parsons Min. Co. v. McClure, 17 N.M. 694, 133 P. 1063, 47 L.R.A.(N.S.) 744; State ex rel. Hockenhull v. Marshall, 58 N.M. 286, 270 P.2d 702, and Ortiz v. Gonzales, 64 N.M. 445, 329 P.2d 1027, discloses that all are in rem proceedings where a court had acquired actual jurisdiction of the res, whereupon it is clear that the jurisdiction is exclusive. However, the instant case is not an in rem proceeding and the rule stated in State ex rel. Kermac Nuclear Fuels Corp. v. Larrazolo, 70 N.M. 475, 375 P.2d 118, that generally a second suit involving the same subject matter entered in a court of competent jurisdiction between the same parties, will be abated if the rights can be adjudicated in the first action, would seem to apply. There is no question of jurisdiction in the instant case, and no motion to abate having been made, it was not error for the court to proceed to determine the issues. Its refusal to conclude that it had no jurisdiction as requested by defendant was not erroneous, and defendant's first point must be ruled against it.

We now come to defendant's next points which are much more perplexing and difficult. It is defendant's position under its second and third points that the supersedeas bond did not authorize re-delivery of the tractor and trailer to the principals

on the bond, and that the bond secured only the payment of costs and interest accrued from the date of judgment to the date of their payment, and not the value of the tractor and trailer.

We note three decisions by this court which lend some assistance to us in our search for the answer to the very onerous problem presented.

In McDonald v. Norris, 29 N.M. 240, 222 P. 902, a judgment in favor of plaintiff for possession of real estate and for $467.20 on account of rent having been affirmed on appeal, plaintiff brought suit on a $2,000.00 supersedeas bond filed in the cause which was conditioned, among other things, "[to] pay the judgment appealed from and the judgment of the Supreme Court upon said appeal, and all the costs * * *." The principal question presented was whether the reasonable rental value of $100.00 per month during pendency of the appeal was secured by the bond. That court concluded that under the particular language of the bond sued upon, rental value was not covered.

 There is a measure of similarity between the present case and McDonald v. Norris, supra. Here, it is apparent that the $9,000.00 bond was greatly in excess of the amount necessary to secure damages and costs of the appeal. Also, the judge here must have intended to secure the return of the property when he fixed the amount of the bond. While we fully subscribe to the rule recognized in McDonald v. Norris, supra, that "the sureties upon the appeal bond should not be excused, excepting for the best of reasons, and that liberal construction of the bond should be indulged against them," 29 N.M. at 243, 222 P. at 903; nevertheless, the rule "cannot be invoked to the extent of inserting a provision in the undertaking of the sureties to which they have not subscribed." Ibid.

We next consider Hart v. Employers' Liability Assur. Corporation, 38 N.M. 83, 28 P.2d 517, another case where plaintiffs were adjudged to be entitled to possession of real estate. Appeal was taken and a supersedeas bond in the amount of $3,000.00 given with defendant as surety. The bond was conditioned "to prosecute their appeal with effect and answer all damages and costs if they fail to make good their plea." Upon affirmance of the judgment, suit on the bond was instituted. The question presented was whether the supersedeas bond required by statute secured liability for rents and profits during appeal. The court noted that the recovery having been for possession and not for a fixed amount of money, the condition of the bond as required by statute was to:

"* * * 'prosecute such appeal * * * with due diligence * * * and * * * if the decision * * * be affirmed * * * [to] comply with

the judgment of the district court and pay all damages and costs adjudged against him in the district court and in the supreme court on such appeal or writ of error.' "

This requirement is substantially the same as that provided by Supreme Court Rule 9(1) (§ 21-2-1(9) (1), N.M.S.A. 1953) reading:

" * * * In case the decision appealed from or from which a writ of error is sued out, is for a recovery, other than a fixed amount of money, then the amount of such bond, if an appeal be taken, shall be fixed by the district court or the judge thereof, and in case of a writ of error, by the chief justice or any justice of the Supreme Court, conditioned that the appellant or plaintiff in error shall prosecute such appeal or writ of error with diligence, and that if the decision of the court below be affirmed or the appeal or writ of error dismissed, he will comply with such judgment and pay all costs and damages finally adjudged against him, including legal damages, if any, caused by the taking of the appeal, whether such damages be assessed on motion made in the cause, or in a civil action on the bond. * * "

An examination of the condition of the bond executed by the defendant here discloses that it conforms to our rule quoted above.

In Hart v. Employers' Liability Assur. Corporation, supra, the case of McDonald v. Norris, supra, was explained and distinguished on the basis of the language of the condition in the bond. The court found that the statutory bond required to supersede non-money judgments did provide security for rents and profits during the appeal period, and, further, that the bond there being considered although not in the exact language of the statute, was clearly intended to provide security for rents and profits lost during pendency of the appeal.

It is clear from a reading of these two cases that the controlling consideration in determining liability turns on the form of the bond undertaking when considered in the light of the applicable statutes and rules.

Both of the cases reviewed above involved real estate in possession of defendant, but to which plaintiffs were entitled. Nothing is said in either case about plaintiff's right to recover on the bond for the value of the property of which possession was sought. McDonald v. Norris, supra, was decided before adoption of § 21-10-6, N.M.S.A.1953 (Chap. 6, § 1, N.M.S.L. 1933) and although Hart v. Employers' Liability Assur. Corporation, supra, was decided in 1933, after § 21-10-6, supra, became effective, it is quite evident that this section of the law was not considered to be applicable.

Section 21–10–6, supra, reads as follows:

"Where an appeal is taken or a writ of error sued out, from a judgment or decree of any district court involving the title to or possession of real or personal property, the trial .court shall fix the amount of the supersedeas bond, if supersedeas is granted, for such sum as will indemnify the appellee for all damages that may result from such supersedeas, or from such appeal or writ of error. Said bond shall be conditioned to prosecute the appeal with effect and pay all damages and costs that may result to the appellee, if said appeal or writ of error be dismissed or the judgment or decree appealed from shall be affirmed. . In case the title to or possession of real estate is involved in such action, the rental value, and all damages to improvements and waste, shall be considered elements of damages."

The section has been interpreted once, in the case of Higgins v. Fuller, 48 N.M. 215, 148 P.2d 573. In that case a supersedeas bond in the amount of $500.00 was required of the appellant out of possession appealing from a judgment decreeing title to realty in the adverse party in possession. The court there held that § 21–10–6, supra, did not require a bond under such circumstances in absence of a showing of prejudice resulting from failure by appellant to give a bond.

In the case before us we find appellant asserting that liability on its bond in the amount of $9,000.00 conditioned to guarantee compliance with the judgment and decision of the district court if affirmed, is limited to costs and interest in the replevin suit amounting to $15.09. The judgment appealed determined that appellee was the owner of and entitled to immediate possession of the tractor and trailer. The judgment also included appellee's costs expended in the case. As previously stated, this judgment was affirmed by this court.

Under the terms of the judgment, appellee was entitled to retain possession pending appeal, and the appellants had the right to appeal without posting a supersedeas bond under the holding in Higgins v. Fuller, supra. However, they did not choose to proceed in this manner. Rather, they had the court fix supersedeas in an amount sufficient to cover the value of the property. When the bond was filed, demand for return of possession of the property was made, whereupon on advice of counsel and in reliance on the bond the possession was delivered back. Can the principals on the bond and the sureties now assert that all that was secured by the bond was a nominal amount of costs? This they attempt even though the bond was fixed at a figure high enough to cover the value of the equipment, and was conditioned to guarantee compliance with this court's "decision and judgment and pay

all costs and damages finally adjudged against them, including legal damages, if any, caused by taking said appeal \* \*." Under the circumstances, we fail to see how it can now be seriously asserted that the liability assumed was limited to costs. To so conclude would, to our minds, be unconscionable. The language of the bond is sufficiently broad to support the conclusion of liability reached by the trial court. As noted above, in McDonald v. Norris, supra, and Hart v. Employers' Liability Assur. Corporation, supra, this is the controlling consideration.

Although estoppel was not pleaded by appellee, we find the following language quoted from In re Kenney's Estate, 41 N.M. 576, 72 P.2d 27, 113 A.L.R. 403, where estoppel likewise was not pleaded, to be particularly pertinent:

"So far as the liability of appellant is concerned, it is immaterial whether a formal order was entered probating the will. In fact, all parties to the proceeding, including the probate and district courts, have acted under the assumption that the will was duly probated. Appellant took possession of the property of the estate and made disposition of it under this assumption. Except for the bond, appellant could not have obtained possession of the estate, and his surety (appellant does not raise the question) cannot now release itself from its obligation by denying the only authority under which its principal could have secured possession of these funds. A voluntary surety of one who takes possession of property as a trustee cannot release himself from liability on his principal's bond after he becomes liable thereon, upon the ground that the appointment of the principal as trustee was irregular or unauthorized. Under these circumstances the surety of a trustee will not be permitted to say that his principal was not in fact a trustee; he is estopped under well-recognized principles of law."

See also, 9 Appleman, Insurance Law and Practice 188, § 5342, and cases cited in the note appearing at 120 A.L.R. 1062.

As to the claim of accord and satisfaction, there is likewise no merit. Although tender of a check for the costs in the amount of $15.09 in full satisfaction of all liability on the bond and retention thereof by appellee's attorney is pleaded in appellant's answer as creating an estoppel, we find neither admission nor proof of such facts in the record of the trial nor assertion that an accord and satisfaction thereby resulted. Neither is a point relied on for reversal on this ground stated in the briefs although an argument to this effect is made.

Appellant's additional points have been considered and are without merit. The

court's findings of $9,000.00 as the damages to appellee because the property was not returned to appellee, the rightful owner, is supported by substantial evidence and will not be disturbed by us.

The judgment appealed from is affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.